NICHOLLS, J.
This is a suit for damages brought by George W. Kelley, of Opelousas, against the Colorado, Southern, New 'Orleans & Pacific Railroad Company. In character it is similar to the suits of William B. Lewis, No. 17,059, and Delphine Fontenot, No. 17,222, which have been recently passed upon by this court. 122 La. 572, 47 South. 906; 122 La. 779, 48 South. 205.
The plaintiff in this case claims that, by reason of the construction of defendant company’s roadbed along Cheney street, his abutting property has been damaged to the extent of $2,250. He further claims for personal inconvenience sustained by himself and his family the sum of $500, and finally asks for exemplary damages in the sum of $250.
The defendant company first moved for the recusation of the judge on the ground “that the presiding judge has often heretofore expressed the opinion” that the said railroad company had no legal right on Cheney street, “and that the question whether or not said company had such right was one of the vital issiies herein as regulating the various elements of damages to be considered.” The motion was denied, and the judge in his opinion says: “This constitutes no legal ground for recusation, even if the statement were true.”
The defendant’s answer was similar to those considered by this court in the Fontenot and Lewis Cases. Upon the issues thus joined trial was had, and resulted in a judgment for the plaintiff; the district court assessing the actual damages attributable to defendant company at $2,000, and further allowing the plaintiff to recover the sum of $250 as exemplary damages. The defendant has appealed.
The plaintiff has entered a remittitur in this court for that part of the judgment awarding him $250 by way of exemplary damages. The judge in reaching his conclusions as to values declared that he did so as in his opinion all of the witnesses were equally entitled to credibility. 1-Ie therefore adopted the average of the different estimates as fixing the correct amount of damages. That method of reaching a conclusion may in some instances be correct but “credibility” is not the only factor to be considered in weighing testimony. The theory or basis upon which the different witnesses act in making their estimates of value, the opportunity which each may have had for obtaining full and correct information as to the property, and the ability or capacity of each to express an opinion on the subject are factors not to be lost sight of. In the ease before us we have considered the evidence independently of the method pursued by the trial judge in dealing with it. We do not find the judgment such as should be either amended or reversed. The question of values is after all to a great extent a matter of opinion. As matters stand adjusted, the judgment is inside the limits within which men may reasonably differ. Plaintiff has entered a remittitur for the amount of exemplary damages awarded him by the judgment. That issue passes out of the case.
For the reasons assigned, it is ordered adjudged and decreed that the judgment appealed from be amended by reducing the amount of the judgment to $2,000 as actual damages striking out that portion of the *1091 judgment which awards the plaintiff the additional sum of $250 as exemplary damages. As so altered and amended the judgment is affirmed, costs of appeal to be paid by the appellee.