BREAUX, C. J.
Plaintiff sued the defendant for damages in the sum of $3,450.
He owns a town lot fronting on Grolee street in Opelousas. On this lot he has his residence and outbuildings.
He also owns another lot immediately north of his residence lot on Railroad avenue, and he owns a third lot fronting on the same avenue.
The defendant road laid its track through Cheney street.
Por alleged damages to the first lot, plaintiff claims $1,200; for damages to the second lot, he claims $2,000; and for damages to another of his lots, he claims $250.
These amounts make up the sum first above mentioned.
The defendant does not admit that its road has caused any damages, and, besides, it urged that it derived its right of way from the municipality; that it complied with the established grade of another road in throwing up its embankment for its track; that, having lawfully acquired its right of way, it owes no damages; and that, if there were damages committed by its road, it was damnum absque injuria, as it acted under proper authority.
We will here state: There are unquestionably amounts due for damages. We do not agree with defendant’s theory of legitimate authority under which it claims immunity from all damages.
The questions to which these theories of defendant gave rise have been passed upon by this court adversely to its contention. The whole ground has been heretofore considered, no point overlooked, and the conclusion arrived at that they did not have the effect of protecting the defendant, and that it was not possible to consider as damnum absque injuria whatever damages were committed by the railroad company in running its road through Cheney street.
No convincing light has been thrown upon the subject since the cases were decided.
We have held, and still hold, that the municipal authorities, however much they could grant a right of way, could not grant a right to commit damages with impunity. Besides, there is no evidence in the franchise showing that the municipality assumed to grant any such right.
We refer to the case of W. B. Lewis v. Same Defendant, 122 La. 572, 47 South. 906; Delphine Fontenot v. Same, 122 La. 779, 48 South. 205, and George W. Kelley v. Same, 123 La. 1088, 49 South. 717, recently handed down by this court.
It now becomes necessary to fix the amount of the damages.
We approach the analysis of the evidence without misgivings in this case with regard to the good faith of witnesses. They seem to have sought to arrive at the value of the property, although they differ from one another in their estimates.
This fact does not render easy the task of arriving at the amount to be allowed as damages.
It is undeniable that the question of value cannot be solved with absolute certainty. Some one has said that values are beyond the ken of knowledge.
We do not take that extreme view. On weighing the testimony of witnesses, an amount can be fixed with some reasonable degree of certainty.
We take up for review in the first place the *843 testimony of Mr. J. H. Harmason, a witness for plaintiff, who is in the real estate business and has the experience of about 17 years in that business. He has had a number of deals in land in charge, and is familiar with the lots in question.
The drift of his testimony sustains, as reasonably certain as to value, the amount allowed by the district court, viz., $2,250.
We will state here that plaintiff has not asked for an amendment of the .-judgment on appeal. We would not increase it, if he had.
The remaining- witnesses, to whose testimony we will refer in general terms, in their estimates vary one from the other from 30 per cent., the lowest of their estimates, to 50 per cent., the highest. There are five witnesses for plaintiff. Their estimates, taken as a whole, easily sustain the correctness of the amount heretofore allowed. They have given their reasons for thus estimating the property. The front of one of the properties is greatly damaged. It is not possible, at a place mentioned on the street, to drive through Cheney street, or walk, without climbing up the railroad embankment of defendant company, some 9' feet in height.
Defendant’s witness testified, as to value., in regard to the diminution in value of plaintiff’s property and the consequent damages caused by the defendant road. He is conservative in his estimate, and differs from plaintiff’s witnesses in this respect.
We have compared the reasons given by each, the witnesses for plaintiff and this witness for the defendant. The preponderance in weight and number is with plaintiff.
The defendant argued as one of the grounds for defense that the railroad running through the place has given additional value to such an appreciable extent that it should be taken into account in fixing damages.
This contention is not sustained by the testimony.
Besides, if it were, the conservative figures adopted render it certain that plaintiff will not receive in excess of the amount to which he has a right.
Judgment affirmed.