George D. Baird owns four lots of ground in Beverly Knoll Subdivision in Metairie Ridge in the Parish of Jefferson. One of these lots forms the corner of Arlington Drive and Loumor Avenue, and the other three adjoin this one and front on Arlington Drive. F.E. Thibodo, a contractor, was employed by the Parish of Jefferson to lay certain sewer pipes along a route which included that part of Loumor Avenue on which plaintiff's corner lot abutted. In doing this work, Thibodo employed a large digging or excavating machine, the boom of which was so long that when it was swung to the side — as was necessary in its operation — it struck and damaged some of the trees which were on Baird's property.
This suit is brought by Baird against Thibodo for the recovery of the damage alleged to have resulted from the destruction of or damage to the said trees. One aspect of the matter has already been before us, see 199 So. 585, and before the Supreme Court, see 197 La. 688, 2 So.2d 180.
The defense is a general denial. From a judgment dismissing his suit, plaintiff has appealed. That damage was caused to some of the trees is evident, and is not denied. The inspector employed by the consulting engineer says that "they damaged some in swinging the boom." Since there was actual damage on the private property of plaintiff there is liability for that damage for the fact that defendant was doing the work under authority granted him by the municipal or other parochial authorities did not relieve him of legal responsibility for damage caused to private property. In Tissot v. Great Southern Telegraph Telephone Co., 39 La.Ann. 996, 3 So. 261, 4 Am.St.Rep. 248, the Supreme Court held: "A company which undertakes, under a contract with a municipal corporation, to do a work of public improvement, such as laying a fire-alarm telegraph, has no right to invade the premises of an abutting proprietor, and cut off limbs of trees, overhanging the sidewalk, and which do not obstruct the use of the sidewalk, or when the posts and wires could have been, with less or no inconvenience, located elsewhere." (Syllabus.)
See, also, Griffin v. Shreveport Arkansas R. Co., 41 La.Ann. 808, 6 So. 624; Lewis v. Colorado Southern, N.O. P.R. Co.,122 La. 572, 47 So. 906; Fontenot v. Colorado Southern, N.O. P.R. Co., 122 La. 779, 48 So. 205; George W. Kelley v. Colorado, Southern, N.O. P.R. Co., 123 La. 1088, 49 So. 717; and Boagni v. Colorado Southern, N.O. P.R. Co., 124 La. 840, 50 So. 748.
In the Boagni case, supra, the Supreme Court said: "We have held, and still hold, that the municipal authorities, however much they could grant a right of way, could not grant a right to commit damages with impunity. * * *"
This is not a case of unavoidable inconvenience or annoyance resulting from the carrying out of a public work. In that type of case of course the contractor is not liable for such inconvenience or annoyance provided it is unavoidable and provided also it causes as little inconvenience and annoyance as is reasonably possible. We very recently considered *Page 390 
such a case where this same contractor was involved and which apparently grew out of this same contract. Dupont v. Thibodo, La.App., 5 So.2d 383, 384. There we said: "The law applicable to cases of this kind is as stated in Vidalat v. City of New Orleans, 43 La.Ann. 1121, 10 So. 175, 178, that `such inconveniences as may fairly and legitimately result from the making of needed public improvements must be submitted to by all citizens of incorporated towns and cities, without compensation; each individual citizen being supposed to be recompensed by the enhancement of the general welfare of the community. 2 Dill. Mun. Corp. (4th Ed.) § 990.' * * *"
Several trees were uprooted and some were broken off. It is very difficult for us to determine from the record just how many were actually destroyed. Most of them were hackberry trees and defendant contends that such trees not only have no value but are objectionable in that they absorb all of the moisture from the soil and make it impossible for other vegetation to grow. However these trees are, to some extent, ornamental and provide a certain amount of shade, and may be desirable to some property owners.
Defendant also maintains that there were so many trees on the property that obviously it could not be used for building purposes without the removal of some of them. Photographs offered in evidence show that this was no doubt true, but the fact remains that a person desiring to build on the property would have had the right to select which trees he would wish destroyed. It is quite possible that the very ones destroyed might have been the ones which would have been retained.
Plaintiff has produced evidence to show that it would cost about $150 to replace an 8 inch tree of the type destroyed, and approximately $50 each to replace the smaller ones. It is very evident, however, that plaintiff, himself, did not estimate his damage at anything like the figure which would result from applying these estimates for the total claim amounts to only $300.
The photographs show certain palmettoes and from this fact defendant maintains that the property must have been low and undesirable. We are not convinced that this is the necessary conclusion to be drawn from the presence of palmettoes but after looking at the situation as a whole, and after examining the photographs we are rather well convinced that $150 would fully repay plaintiff for all the damage which he has sustained. There is no doubt that the destruction of trees should be considered as an element of damage. Tissot v. Great Southern Telegraph 
Telephone Co., supra; City of New Orleans v. Shreveport Oil Co.,170 La. 432, 128 So. 35; and City of New Orleans v. Mrs. Lydia Wire, 20 La.Ann. 500.
The judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff and against defendant for $150, with legal interest from judicial demand, and for all costs.
Reversed.