Plaintiff owns and operates a farm of several hundred acres in Lincoln Parish, *Page 390 
which is traversed by defendant's track. He instituted this suit to recover damages to his peach orchard, fence and meadow from fire allegedly caused by the negligence of defendant's agents and employees. The damages are itemized as follows:
"Damage to 250 peach trees, at $3.00 per tree .......... $750.00 Damage to 3/8 of a mile three strand barbed wire fence and posts ............................................ $ 50.00 Damage to meadow planted and seeded in clover .......... $ 50.00 ------- $850.00"
Plaintiff alleges that on March 9, 1942, and on April 2, 1942, defendant's agents and employees set fire to piles of old cross ties assembled on its right-of-way, from which, for lack of adequate care and attention, it spread over his orchard and meadow and inflicted, before it could be extinguished, the damages for which sued.
Defendant filed motion to require plaintiff to allege specifically the amount of damages sustained by him on each of said dates, answering which he amended his petition by setting forth that the fire of each date caused the same amount of damage to him; that is, $425 for each fire.
Answering, defendant denied each allegation of fact alleged upon by plaintiff to recover, save its corporate capacity and that it is doing business in this state. There was judgment for plaintiff in the sum of $128, consisting of $78 for destruction of 26 peach trees and $50 for damage to the meadow. Defendant appealed. Plaintiff has not answered the appeal; therefore, the judgment may not be increased. He evidently is satisfied with the amount of damages awarded him.
Plaintiff's counsel concedes that the testimony offered by him to support the claim for damages as occurring on April 2, 1942, is insufficient to establish the same. That portion of the demand has, for this reason, been abandoned.
Defendant's primary contention is that the testimony adduced by plaintiff is so indefinite, unsatisfactory and confusing that a judgment may not be predicated thereupon; and, alternatively, since plaintiff admits that one-half of the damages were sustained by him on each of said dates, the judgment should be reduced to $64.
We agree with defendant's counsel to the extent that the testimony as a whole is not as positive and free from uncertainty and contradiction as should be tendered to a court to which appeal is made for redress of injuries. Plaintiff, himself, has materially contributed to this unsatisfactory situation. For instance, he sued to recover damage to 250 peach trees at a value of $3 each. He testified that only 70 trees had died from the effects of the fire, valuing them at $5 each, and that some had been injured, whereas the testimony clearly demonstrates that only 26 trees died and a few others were injured to some extent. However, the testimony satisfies us, as it did the trial judge, that the fire which killed the trees and injured the meadow originated from the burning ties on defendant's right-of-way on March 9, 1942. Had the fire been carefully guarded by defendant's section crew, as was their duty, it would not have spread to plaintiff's land from the wind prevailing at the time.
Defendant challenges the correctness of the value of the trees as fixed by the lower court. It is shown that some of these trees, if not all, were more than three years old and had borne fruit. It is true that the young plants when set out cost only about 30¢ each, but replacement of the trees is not the true criterion for determining plaintiff's loss from their destruction. If this were not true, by the same token, a railroad company could absolve itself from liability for negligently killing a cow by tendering a calf to the owner. The age of the trees, their productivity and the labor and attention devoted to them to the time when destroyed are elements to be taken into consideration when determining their value at the date of destruction.
We do not think that plaintiff's election to say one-half of the damages to his property was sustained on each of said dates should be given the effect argued by defendant's counsel in view of the facts as we find them to be. Regardless of the seeming inconsistency resulting from the election, the damage to the meadow and the orchard occurred on March 9, 1942.
There appears no manifest error in the lower court's resolution of the factual issues involved and for this reason and others herein assigned, the judgment appealed from is affirmed with costs. *Page 391