McINNIS, Judge ad hoc.
This is a suit to collect damages arising out of the cutting of a 100 foot right-of-way and construction of power transmission lines across plaintiff’s farm under a right-of-way grant dated October 26, 1949. The claim is itemized as follows:
For destruction of 41 pecan trees at $25.00 each. $1,025.00
For 10,000 feet of timber at $10.00 per M. 100.00
For dumping timber and brush on the land on either side of the right-of-way . 850.00
Total $1,975.00
It is alleged that it will cost $850 to clear the land of the timber and brush pushed out onto it, and that an agreement was made to pay $25 for each pecan tree destroyed.
In an amended petition it is alleged in the alternative, and only in the event the court should find that there was no agreement to pay $25 each for the pecan trees, that said trees were well worth that amount for each tree destroyed.
The answer is a general denial, except that it is admitted that timber and underbrush were piled or windrowed on both sides of the right-of-way on land of plaintiff. It is admitted that defendant agreed to pay $25 each for four pecan trees located in plaintiff’s open pasture, and to pay the market price for all merchantable timber cut. There are other allegations as to the worthlessness of the pecan trees, and that the land is worthless because of overflow and dense growth of briars, brambles and underbrush, and that the debris left on *210 plaintiff’s land will dry out and can be easily burned without danger or damage to plaintiff’s land and timber.
At the opening of the trial it was stipulated that 10,000 feet of timber worth $100 was cut from the right-of-way, and that 4 pecan trees were cut from what is termed the pa^cure, of a value of $25 each, and that 40 native pecan trees were cut in the right-of-way.
After trial the district court rendered judgment in favor of plaintiff for $100 for the timber, $100 for the '4 pecan trees in the pasture, $200, being $5 each for the pecan trees cut in the wooded area, and $850 for damages to plaintiff’s land caused by piling the debris from the right-of-way on his land on either side.
Defendant has appealed from the judgment and plaintiff answered the appeal, praying that the judgment be amended by increasing the amount to $1,950, and that as thus amended, it be affirmed.
The issues are narrowed to whether $5 each, as fixed by the District Court, or $25 each should be awarded for each of the 40 native pecan trees cut, and whether or not $850 was correctly awarded for damages to plaintiff’s land for piling debris from the right-of-way on it.
The evidence tendered to prove that there was an agreement to pay $25 for the 40 native pecan trees cut in the wooded area of plaintiff’s land falls short of being favorable to plaintiff by the preponderance necessary to justify the conclusion that there was such an agreement. The value of $5 each placed on them by the District Court appears to be Supported by the evidence.
Aproximately 3½ acres of plaintiff’s land along the right-of-way were covered by piling debris on them. Offhand, $850 appears to be rather high for clearing this debris from the land, but the evidence discloses that it will be necessary to bring it back on the right-of-way and pile it and burn it, and that the only practicable way to bring it back is by the use of heavy equipment similar to that used to push it off the right-of-way and this is expensive. To burn it where it is would damage other timber of plaintiff, and risk the danger of fire spreading on his land.
Several witnesses estimated the cost of moving and burning this debris at from $1,000 to $2,000. Defendant did not offer any positive evidence of the amount necessary to clear the land of this debris, but contends that clearing of the right-of-way 100 feet wide is beneficial to plaintiff’s use of the land for pasture. However, defendant had no right to make use of any of plaintiff’s land except the right-of-way 100 feet wide, and if it damaged his remaining property by the manner in which it cleared the right-of-way, it is liable for the damage. We are not prepared to say that the amount allowed for clearing plaintiff’s land of this debris is excessive. On the contrary, it appears reasonable.
For these reasons the judgment appealed from is affirmed at the cost of defendant-appellant in both courts.
KENNON, J., not participating.