FRUGÉ, Judge (ad hoc).
Plaintiffs, nine in number and who are the widow and heirs of the late William F. Morgan seek herein to recover damages allegedly resulting from the unlawful destroying of three trees and trimming of others situated on a 201-acre farm in St. Helena Parish owned in indivisión by them during the construction by the defendant of an electric power line.
The trial court awarded all plaintiffs the sum of $1,950 from which judgment defendant appeals.
Pertinent pleadings and facts are as follows : Mrs. William Morgan, widow, and Mrs. Betty Morgan Powers, two of the plaintiffs executed an easement which provides as follows:
“to place, construct, operate, repair, maintain, relocate and replace thereon and in or upon all streets, roads or highways abutting said lands an electric transmission line or system, and to cut and trim trees and shrubbery to the extent necessary to keep them clear of said electric line or system and to cut down from time to time all dead, weak, leaning, or dangerous trees that are tall enough to strike the wires in falling.”
The other plaintiffs who are the children of William F. Morgan and Mrs. William Morgan admittedly did not sign the above quoted easement, and in the alternative prayed for judgment against defendant Utility Company in the sum of $1,200 for damage for their interest in the property allegedly destroyed.
Defendant’s answer is a general denial and they claimed that they acted under and *317 pursuant to the aforesaid right of way-agreement signed by Mrs. William F. Morgan and Mrs. Betty Morgan Powers for the purpose of inducing the defendant to build an electric power line. Defendant asked first for the rejection of plaintiff’s demand and secondly, for judgment in re-convention in the sum of $1,171.21 for the cost of construction of the line and calling Mrs. Morgan and Mrs. Powers in warranty.
Prior to trial on the merits Mrs. William F. Morgan and Mrs. Betty Morgan Powers filed exceptions to the call in warranty. The defendant Dixie Electric Membership Corporation filed exceptions of no right or cause of action and misjoinder of parties defendant. The trial judge states that all of these exceptions were disposed of.
The record disclosed that two of the plaintiffs as heretofore related Mrs. William F. Morgan and Mrs. Betty Morgan Powers signed and executed the aforesaid right of easement in favor of the defendant public utility over and across a 201-acre tract of land in the Fourth Ward in the Parish of St. Helena, which right of way deed is recorded in COB 44, page 44 of the records of St. Helena Parish.
The record further discloses that no specific location of the power line was provided for in the easement.
The defendant being an electric public utility enjoys the right and may exercise the power of eminent domain. LSA-R.S. 19.2(9), Art. 2626 LSA-C.C. There is no question that said defendant public utility had the right to place the electric power line over and across the land in question. But in doing so, said defendant is liable for compensatory damages. LSA-Constitution 1921, Art. 1, Sec. 2 states that private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid, which is known as the due process clause of the State Constitution. Our 1921 State Constitution, Article 4, Section IS prohibits the divestiture of vested rights except for public utility purposes and for just and adequate compensation.
The complaint of plaintiffs here is not to the right of defendant’s use of the property but merely to an action for damages resulting from the location of the line which necessitated the cutting and mutilation of trees for which they asked for and were awarded damages by the trial court.
The only point at issue for our determination is the assessment of damages.
Quantum
The trial court found that there were two trees destroyed (one oak and one pecan) and two trees mutilated (both oaks). Its monetary valuation of the damages was based upon the cases of City of New Orleans v. Shreveport Oil Co., Inc., 1930, 170 La. 432, 128 So. 35 and Tissot v. Great Southern Telegraph & Telephone Co., 1887, 39 La.Ann. 996, 3 So. 261, 362. An examination of these cases reveals that they are not apposite to the facts of the instant case.
The Tissot case, supra, seems to be the leading case on the subject of damage to trees by a public service company. In that case agents of the defendant went upon plaintiff’s property without authority and cut a number of limbs from two ornamental magnolia trees which were located near the gate entrance of plaintiff’s residence. This action was characterized by the court as wanton, malicious, and violative of plaintiff’s rights. A judgment of $750 rendered by the trial court was reduced to $400 by the Supreme Court. The Tissot case, supra, differs from the Instant case in several particulars: (1) There is no element of maliciousness or wantonness in the instant case; (2) Appellant here was authorized to go upon plaintiffs’ property and construct a transmission line; (3) The trees in the Tis-sot case were part of a balanced landscape dominated by four large magnolias which, in the language of the court, “presented an imposing appearance”; said landscape had been planted and nurtured by plaintiff. Here the trees are located on farm land *318 and on property upon which none of plaintiffs have lived for a number of years and which they visit only infrequently. Further, the court in the Tissot case gave a total of $400 for the trespass and the damage to two trees. The trial court relied on this case to give $400 each for the mutilated trees without the element of trespass.
Likewise, the City of New Orleans case, supra, is not authority in the instant case. In that case the defendant had applied to the city for permission to cut down a large oak tree, but a permit had been denied. Despite this refusal defendant cut the tree down. The court characterized the conduct of the defendant as a trespass and a wanton disregard of the property rights of the city and of the public, and damages were assessed in the amount of $750. The tree was a large ornamental shade tree growing between the sidewalk and the curb at 3331 St. Charles Avenue, the showplace section of New Orleans. Again it is obvious that the facts in the City of New Orleans case differ materially with the facts in the instant case. The oak tree cut down by defendant in the instant case was located in an open field, across the road and from one hundred fifty to two hundred yards from plaintiffs’ house. The area involved in the case here cannot be considered a showplace. Further, there is no evidence of malice or tresspass involved in the case at bar.
It is obvious that in neither of the above cited cases were damages based on the value of the trees as such. The courts awarded damages in the following cases: Davis v. Chicago, R. I. & P. R. Co., La.App.1943, 13 So.2d 389 (peach trees, $3.00 each); Goins v. Beauregard Electric Cooperatives, Inc., La.App.1950, 44 So.2d 715 ($30.67 awarded as timber value of several trees destroyed); Kerr v. Central Louisiana Electric Co., Inc., La.App.1952, 59 So. 2d 209 (native pecan trees, $5.00 each).
In the instant case, plaintiffs did not even live on the property involved and had not lived there for some five or six years; and the testimony is uniform to the effect that they visited the place only infrequently. The house was a farm house, rented intermittently to logging contractors. It was vacant at the time of suit. In addition it is pertinent to notice the location of the two trees which were cut in respect to the location of the house. They were both on the opposite side of the road from the house and quite some distance down the road. According to the testimony of Percy Morgan the pecan tree was on the opposite side of the road from the house and one hundred fifty to two hundred yards distant from the house. Charles Morgan testified that the oak tree was on the opposite side of the road and three hundred yards distant from the house. Neither of these trees can be considered shade trees in the sense of providing shade and comfort to the residence. Certainly they’re not comparable to the trees in the Tissot and City of New Orleans cases, supra.
Another element to be considered in determining the aesthetic value of trees is the number of trees found on the property. In Marbury v. Louisiana Highway Commission, La.App.1934, 153 So. 590, 595 Judge Taliaferro said:
“If the trees destroyed had been all there were on the front line of the land, the aesthetic value would enter into the case more seriously * * * ”
In that case plaintiff was awarded $300 for the destruction of thirty-six pines, oak, and gum trees. In the instant case there are many trees on the land. Damages to trees caused by a contractor laying sewer pipes, several trees being uprooted and several destroyed, were held to $150 in Baird v. Thibodo, La.App.1942, 7 So.2d 388, the trees being located on private property in a residential section of Metairie in Jefferson Parish.
It is our considered opinion that the damages awarded in this ‘case are grossly excessive. The trial court found that two oaks were mutilated and one oak cut and *319 one pecan tree cut, making a total of four. We have reached the conclusion that $150 for each oak and $75 for the pecan are. ample in view of the jurisprudence of this State. This makes a total of $525.
Accordingly, for the foregoing reasons, the judgment of the District Court is amended so as to reduce the award of damages from $1,950 to $525, and as thus amended, affirmed.
Amended and affirmed.