WILLIAMS, Judge.
Plaintiff J. H. McBride seeks judgment herein against defendant H. E. Duckworth, Executor of the estate of Mrs. Leila Pirkle, for damages resulting from the cutting of two pin oak trees and a privet hedge. Plaintiff also seeks orders commanding defendant to remove all dirt, debris and trash placed by defendant on plaintiff’s lot and to construct a curb along defendant’s driveway adjacent to the north side of plaintiff’s lot to control drainage. The alleged damage resulted from defendant’s actions in enlarging and improving a certain parking lot and driveway which adjoin plaintiff’s property on the north and west sides.
The trial court awarded plaintiff $2,000 for the two trees and $50 for the privet hedge. The court ordered defendant to remove all dirt, debris and trash placed on plaintiff’s property by defendant, and further ordered defendant to construct a curb along the driveway adjacent to the north side of the property owned by plaintiff to control the flow of water and direct it to the northwest corner of plaintiff’s property along its natural drainage line. From this judgment defendant has taken a suspensive appeal.
Plaintiff’s property is located on the west side of Alexander Street in the city of Shreveport. The lot extends in a westerly direction along the northern edge of the property for a distance of 150 feet. At the rear the property is 52.5 feet wide. Improvements on plaintiff’s property consist of a garage and a residential-type building which is used by plaintiff’s wife as a dance studio. Plaintiff’s property is bounded on the north and west by defendant’s property, which consists mainly of commercial property fronting on Kings Highway. In 1967 defendant enlarged the parking lot at the rear of plaintiff’s property and improved the driveway which runs along the northern edge of plaintiff’s lot.
In the course of improving and enlarging the parking lot, defendant removed two pin oak trees and a hedge which were located at the rear of plaintiff’s property. The trees measured approximately 18 inches in diameter and were some 40 to 50 feet high. These trees were natural growth and were among some eight trees that were located west of plaintiff’s dance studio. Prior to the cutting of the trees and hedge plaintiff had constructed a wooden fence across the rear of his lot, approximately 14 feet from the rear property line. The pin oaks and hedge were outside and beyond this fence. Without locating the property line, defendant had the trees and hedge cut down and removed, leaving only the two stumps of the trees. Defendant gave no excuse for cutting the trees and hedge except that he thought they were on his lot. There is no evidence that he acted with malice.
The trial court based its judgment of $1,000 for each tree cut by defendant on the replacement cost of similar but smaller trees. This figure was reached from testimony of Mr. Calvin Morrison, a tree surgeon. Defendant offeed no evidence on the question of damages. Evidence produced shows that the trees and hedge were not planted by plaintiff, were not a part of a balanced landscape plan, and had no particular aesthetic value. Their main value was in screening the dance studio from the parking lot. It is uncertain from the testimony whether they actually provided any shade.
The replacement value basis used by the trial court in assessing damage does not conform to the jurisprudence of this state. Plaintiff relies heavily on the case of City of New Orleans v. Shreveport Oil Company, 170 La. 432, 128 So. 35 (1930) as authority for the proposition that replacement value is the proper measure of damages. In that case a large water-oak growing along St. Charles Avenue in New Orleans was destroyed. The court stated:
“The evidence shows that it would be impossible to put back in the same place or in any other selected place a tree of like character and like dimensions, and growth.
*125 “The replacement value cannot, therefore, he accepted as the measure of value or damage the plaintiff and the public have sustained.” [128 So. 35, 36]
Replacement value is not the proper measure of damages when the trees had little aesthetic value, were not part of a landscape plan and were natural growth. Marbury v. Louisiana Highway Commission, 153 So. 590 (La.App., 2nd Cir. 1934) and Morgan v. Dixie Electric Membership Corp., 112 So.2d 315 (La.App., 1st Cir. 1959). Plaintiff’s evidence as to replacement cost of selected but smaller similar trees, therefore, cannot be accepted as the sole basis for assessing damages. On this issue in Tisscot v. Great Southern Telegraph & Telephone Company, 39 La.Ann. 996, 3 So. 261 (1887) the court observed:
“The law on the subject of assessment of damages in cases of offenses and quasi offenses leaves much discretion to the judge or jury. R.C.C. 1928.
“ * * * The Code provides that, in cases of unlawful deprivation of some legitimate gratification, although the same are not appreciated in money, yet damages are due. R.C.C. 1934; * * *.” [39 La.Ann. 996, 1005, 3 So. 261, 265]
See also Oglesby v. Town of Winnfield, 27 So.2d 137 (La.App., 2d Cir. 1946).
We find that the amount awarded for the value of trees is excessive and should be reduced. We have reached the conclusion that $250 for each pin oak and $50 for the privet hedge for a total of $550 is adequate.
We now reach the drainage question. Before the fill was added to defendant’s property it already had a slightly higher elevation than that of plaintiff’s. In improving the driveway defendant further increased the elevation of the lot along and adjacent to the north edge of plaintiff’s property leaving a slight ridge alongside the driveway. Defendant removed the curb on Alexander Street without securing a permit from the city. Plaintiff maintains that the flow of water across his property was thus greatly increased by the work done on the driveway. Before this work was completed plaintiff testified that the wooded area between the lots absorbed the drainage from defendant’s property and for this reason seeks an order commanding defendant to construct a curb along the driveway of his property to control the flow of water and redirect it toward the northwest corner of plaintiff’s property to its natural drainage line. The trial court issued an order accordingly. Evidence produced by plaintiff at the trial showed only that the water spilled over and ran across the front part of the driveway and cut a small ditch across the lot. This evidence was refuted by defendant’s witness, Cliff Eschenfelder, a photographer, who testified he parked in the driveway adjacent to plaintiff’s lot and observed the flow of water when it came down the driveway and out into Alexander Street. Pictures filed in evidence (Exhibit P-8) show the water from a rain would naturally move eastward into Alexander Street. Plaintiff has not demonstrated to our satisfaction that defendant’s action caused an excess flow of water across his property. In the absence of evidence of irreparable injury, loss or damage, plaintiff is not entitled to injunctive relief. LSA-C.C.P. art. 3601. Irreparable injury for which an injunction will lie is that injury for which an injured party cannot be compensated adequately in money damages. Monochem, Inc. v. East Ascension Telephone Company, 195 So.2d 748 (La.App., 1st Cir. 1967). There is no sound basis for requiring defendant to construct a curb along his driveway adjacent to the north side of plaintiff’s lot.
In addition to cutting the trees at the rear of the lot while the parking lot was being enlarged, some of the fill used was allowed to fall on plaintiff’s property. The evidence revealed that all of the dirt, debris and trash complained of has been removed with the exception of some small amount of debris at the “corner” of plaintiff’s property and a “slab of concrete that is still over the *126 property line.” The trial court issued an order commanding defendant to remove all dirt, debris and trash placed on plaintiff’s property. Again, this court does not view the use of injunctive relief as appropriate where no irreparable harm is shown. LSA-C.C.P. 3601.
For the reasons assigned the judgment appealed, so far as relates to injunctive relief, is annulled, avoided, reversed and set aside, and plaintiff’s demands for such relief are rejected; and so far as it relates to the award of damages, the judgment is amended by reducing the award to $550, and as thus amended, it is affirmed. Plaintiff-appellee is taxed with the cost of this appeal.
Amended and affirmed.
DIXON, J., dissents with written reasons.