DIXON, Judge
(dissents).
I respectfully dissent.
I cannot agree that the trial court abused its discretion in fixing damages at $1000.00 each for the destruction of these two trees.
The record contains evidence about the shade-giving qualities of the trees (which was disputed) and evidence about the cost of replacing the trees (which was undisputed). There is hardly any other evidence in the record on which an award for damages can be based. This court now finds, for unexplained reasons, that $1000.00 is too much for a tree, and $250.00 is enough. In the process it is said that replacement cost is not a proper measure of damages in this case.
When an ornamental or a“utility” tree is destroyed in a city, and when the tree can be replaced, it is my opinion that replacement cost is the only measure of damages authorized. (“Every act whatever * * * that causes damage * * * obliges him by whose fault it happened to repair it.” Civil Code Article 2315). Replacement cost seems to me to be the only sound method of computing damages here; any other method, especially on the record before us, would have a result unpredictable, uncertain, and speculative. It is the only method by which the injured person can hope to be restored to the condition he was in before the damage.
I cannot glean from the cases cited that our jurisprudence holds replacement cost to be an inappropriate measure of damages. Marbury et al. v. Louisiana Highway Commission, 153 So. 590 (La.App. 1934) is not applicable. There a road building contractor cleared an eighty foot right of way across one thousand feet of the plaintiffs’ property. There had been no conveyance of the right of way, and no expropriation. Damages were awarded to the plaintiffs in the amount of $300.00. There was no discussion of the replacement cost as being the proper measure of damages. All the court had to say about the measure of damages was:
“The testimony introduced by plaintiffs estimates the damage to their property at from eight hundred to one thousand dollars. Defendant offered no evidence on the question of damages. Mr. Atkinson was of the opinion that for shade and ornamental purposes the destroyed trees had an aesthetic value of $900. In view of the facts of the case, this sort of value cannot be adopted as the measure of damage sustained from the trespass. If the trees destroyed had been all there were on the front line of the land, the aesthetic value would enter into the case more seriously; but as there are plenty trees left on the land, in fact, as we gather from the record, they are continuous back to the Farmerville road, a different case is presented.”
In Morgan et al. v. Dixie Electric Membership Corporation, 112 So.2d 315 (La.App. 1959), an electric co-op obtained a right of way deed from part of the owners, but not from all. The plaintiffs claimed damages for the destruction of one oak tree and one pecan tree, and for the mutilation *127 of two oak trees; plaintiffs based their claim on City of New Orleans v. Shreveport Oil Company, Inc. et al., 170 La. 432, 128 So. 35 (1930) and Tissot v. Great Southern Telegraph and Telephone Company, 39 La.Ann. 996, 3 So. 261 (1887).
In the Tissot case, $750.00 damages were awarded in the trial court after the defendant trimmed several limbs from four full grown magnolia trees so that an open space was left “in the foliage, varying 25 to 40 feet in circumference.” The trespass was found to be in bad faith. The court said Civil Code Article 1928 left “much discretion” to the judge. The court mentioned the cost of replacement, time required for the newly planted trees to acquire the size of those mutilated, disappointment and mortification, and referred to the provisions of Civil Code Article 1934, which provides for damages for the violation of rights to some intellectual enjoyment. Although the replacement cost was mentioned, the court found that “the damage done is daily being repaired, and that, in the course of time, it will hardly be perceptible, so that the original condition of things will be fully restored.” Following this finding, the court reduced the award to $400.00.
In Oglesby v. Town of Winnfield, 27 So.2d 137 (La.App. 1946), there were elements of bad faith, a hand planted and carefully nurtured thirty-five year old tree and a finding that there was a peculiar case of disappointment, mortification and “other sufferings, not measurable and appreciable in dollars.” The award was increased from $250.00 to $500.00. There was no discussion of replacement cost.
In the City of New Orleans v. Shreveport Oil Company, Inc. et al., supra, there was a $750.00 judgment in the district court for destruction of a water oak between the sidewalk and curb on St. Charles Avenue. The tree was fifty-four years old, sound and healthy, two and one-half feet in diameter. The court found that it was impossible to replace the tree and said “the replacement value cannot, therefore, be accepted as the measure of value or damage the plaintiff and the public have sustained.” The court then said that the trial judge did not abuse the “wide discretion” left to him in assessing the damages.
In none of these cases did the court find that it was possible to replace the trees which had been destroyed. In this case, it is possible to substitute somewhat smaller trees for those which were removed by the defendant. Since the only evidence before us is that it would cost $1000.00 apiece to replace the destroyed trees, it is my opinion that the trial court was correct in fixing damages due the plaintiff.
In all other respects, I concur in the opinion of the majority.