AYRES, J.
A rehearing was granted to afford an opportunity to give further consideration to the question of the quantum of damages to which plaintiff is entitled as the result of defendant’s having cut and removed two large pin oak trees situated on plaintiff’s property.
As the background and nature of the litigation are adequately set forth in our original opinion, we shall proceed directly to the question at issue.
We reduced the award of $2,000 allowed by the judge in the lower court to $500. On further study, we are convinced that the award of $500 was, more or less, arbitrary and not supported by the evidence in the record.
The only evidence in the record, and properly before this court, on which an award to compensate plaintiff for the loss of the trees could be based is the testimony of Calvin Morrison, a tree surgeon for 16 years who specialized in ornamental horticulture. He has a B.S. degree in agricul *128 ture from Louisiana State University. Morrison testified that it would cost $2,000 to replace the two trees with two 10- to 12-inch pin oak trees, the largest trees, it was said that may be successfully replanted. The trees destroyed were much larger. No contradictory testimony was offered by defendant.
In Oglesby v. Town of Winnfield, 27 So.2d 137 (La.App., 2d Cir.1946), the court awarded plaintiff $500 damages where, from a 35-year-old pin oak tree, 27 branches were removed to provide clearance for electric power lines.
In the earlier case of City of New Orleans v. Shreveport Oil Company, 170 La. 432, 128 So. 35 (1930), a large 54-year-old water oak, two-and-one-half feet in diameter, growing between the curb and sidewalk on St. Charles Avenue in New Orleans, was destroyed. There the court awarded damages in the sum of $750.
However, as was observed in Tissot v. Great Southern Telephone & Telegraph Co., 39 La.Ann. 996, 3 So. 261 (1887), and in Oglesby v. Town of Winnfield, supra, though actual, damages in a case of this character are not always susceptible of actual proof, nevertheless, the fact that damages have been sustained by the aggrieved owner is not open to question.
It must be borne in mind that wide discretion is allowed to the trial judge in the assessment of damages. We cannot say, in view of the record, that the judge abused his discretion in awarding plaintiff $2,000 to compensate for the loss of these two large trees. An award of this size is amply supported by the evidence in the record and the authorities cited above.
For the reasons assigned, our original decree is amended by increasing the award of damages to $2,000 and by assessing defendant-appellant with all costs, including the cost of this appeal, and, as thus amended, our original decree is reinstated and made the final judgment of this court.