391 So.2d 24 (1980)
David L. THIBODEAUX et al., Plaintiff-Appellees,
v.
WESTERN WORLD INSURANCE COMPANY et al., Defendants-Appellants.
No. 7712.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
*25 John P. Navarre, Oakdale, for defendants-appellants.
Guillory, McGee & Mayeux, Donald L. Mayeux, Eunice, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, David Hughes, Alexandria, for defendant-appellee.
Before CULPEPPER, CUTRER and SWIFT, Judges.
SWIFT, Judge.
Defendant, Security Timber Company, Inc. (Security), has appealed from a judgment which awarded damages to plaintiff, Donald Perron, for trees cut from his land without permission and dismissed the suit as to the other defendant, Western World Insurance Company (Western), Security's insurer.
On or about March 28, 1978, Mr. Perron, the owner of approximately 45 acres of partly wooded land in Evangeline Parish, entered into a written contract to sell the property to Nolton Fontenot for $76,500.00. Although no written agreement existed, it was understood by all of the parties that Mr. Fontenot would thereafter convey 10 of the 45 acres to plaintiff, David L. Thibodeaux, his nephew by marriage. Three days later, while engaged in cutting timber on an adjoining tract under a timber deed from its owner, Security's men crossed Perron's fence and cut 28 to 30 loblolly pine trees 11 to 28 inches in diameter from the 10 acre tract, some of which were within 100 feet of the planned location of Thibodeaux's house. The logs were removed, but the stumps and tops of the trees were left on the land.
On May 12, 1978, Perron conveyed by cash deed 10 acres directly to Thibodeaux for the price of $10,000.00 as theretofore agreed by Fontenot and Thibodeaux. Perron also agreed that he would assist the latter in an attempt to recover the damages occasioned by the trespass, the entire recovery to go to Thibodeaux. Perron thereafter *26 conveyed the remaining acreage to Fontenot for the balance of the $76,500.00 contract price.
Perron and Thibodeaux then filed this suit against Security and Western. The trial court held that Thibodeaux was not entitled to recover as he was not the owner of the property when it was damaged and had no written agreement to purchase it. However, Perron, then the owner, was awarded $7,830.00 for the loss of the trees and their aesthetic value, the willful and intentional trespass and the cost of removing the tree stumps and tops, restoring the fence and removing an obstruction left in the gully. Western was absolved from liability because the damages were not covered by its policy. Mr. Thibodeaux did not appeal, so the judgment is now final as to him.
The issues on appeal are the correctness of the trial judge's determination that an intentional trespass occurred on Perron's land, the recoverable damages and the finding of non-liability of the insurer.
In support of its attack on the sufficiency of the proof showing that the trees cut were on Mr. Perron's land, appellant contends the trial judge erred in allowing a survey plat of the ten acres to be admitted in evidence without the supporting testimony of the surveyor.
The record reflects, however, that counsel for Security did not object when the plat was offered and admitted in evidence. Instead, he made such an objection to its prior admission at the end of the trial. It is elementary that objections to evidence must be made at the time of its offer and the failure to do so, unless the opportunity does not exist, will be considered as a waiver of such objection. In Re Industrial Homestead Ass'n., 198 So. 528 (La.App.Orl. 1941). The opportunity to object being present in this instance, the plat of survey in question was duly admitted for consideration in this case. It and other evidence amply support the trial judge's finding that the trespass occurred on the 10 acre tract.
It was established that a fence was located on the boundary between Perron's land and that of the neighbor on whose property Security was conducting timber operations. Also, the timber on the adjoining property was separated from Perron's timber by a cleared area. Nevertheless, Security destroyed portions of the fence, crossed over onto Perron's land and cut his timber.
Security contends that at most it was negligent in not checking the property lines more closely. However, prior to the trespass Security attempted to purchase Perron's standing timber and he refused. This indicates rather clearly that Security knew Perron owned the land containing the timber it sought to buy and yet it still deliberately crossed over his fence and cut timber from his land. We are unable to say the trial court's determination that Security was in bad faith due to its willful and intentional actions was clearly wrong.
Thus, LSA-R.S. 56:1478.1(B) is applicable. This statute provides as follows:
"A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
"B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed.
"C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed or removed, except however, that the provisions of this section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and that no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.

*27 "D. The provision of this section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God; the provision of this Act shall not apply to land surveying by or under the direction of a registered professional land surveyor, duly registered under the laws of the state of Louisiana."
The trial court found, based on expert testimony, that the total market value of the trees cut was $350.00 and awarded Perron three times this amount or $1,050.00 for the loss of the trees. The plaintiff is unquestionably entitled to this sum.
We also believe, just as the trial court did, that the remedy under the above statute for such an intentional trespass is not exclusive. The statute seems to standardize the damages due for the loss of trees unlawfully cut. But it does not expressly or impliedly eliminate recovery of other damages suffered by a land owner as a result of a trespass.
It is well settled that a land owner can also recover for the loss of aesthetic value of trees and shrubs as a result of a trespass. Morgan v. Dixie Electric Membership Corporation, 112 So.2d 315 (La.App. 1 Cir. 1959); Womack v. Travelers Ins. Co., 258 So.2d 562 (La.App. 1 Cir. 1972), writ denied 261 La. 775, 260 So.2d 701 (La.1972); Curole v. Acosta, 303 So.2d 530 (La.App. 1 Cir. 1974); Turner v. Southern Excavation, Inc., 322 So.2d 326 (La.App. 2 Cir. 1975). Different measures of damages were applied in each of these cases, but it is obvious that considerable discretion is vested in the trial court in these matters. We do not believe that the judge abused his discretion in awarding $500.00 for such item under the facts here.
The courts in this state also allow damages in cases of deliberate, forcible trespass for invasion of property rights and mental anguish. Loeblich v. Garnier, 113 So.2d 95 (La.App. 1 Cir. 1959); Turner v. Southern Excavation, Inc., supra. Although we must say that the award to Mr. Perron of $1,500.00 for this trespass seems high in view of the circumstances in this case, we do not find the judge abused his discretion.
Mr. Perron was also awarded $4,780.00 to remove the stumps, rebuild the damaged portion of the fence, burn the trash and tree tops left on the land and remove the obstruction that prevented water from flowing through the gully on the property. The trial judge considered the conflicting testimony as to the cost of such work and concluded this amount was the most reasonable. We cannot say that he erred in this respect.
Appellant's principal argument is that Perron is not entitled to damages in this instance because he sustained no monetary loss, having sold the property after the trespass for the same amount as he contracted to sell it for before. We do not agree. As owner of the property, Mr. Perron was damaged by the defendant's trespass to the extent of the award of the trial court. In our opinion the fact that the buyer and his designee were willing to complete the purchase for the price set forth in the contract to sell, even though the property was subsequently damaged by a third party without fault of the seller, should not enure to the benefit of the trespasser any more than a reduction in an injured party's damages from a collateral source should benefit the tort feasor.
Appellant also assigns as error the trial court's ruling that it was not covered for these damages by Western's policy. Western contends this issue is not before us, because no incidental action was filed in the suit and appellee Perron did not appeal or answer Security's appeal. We do not agree. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (La.1963); Reid v. Monticello, 215 La. 444, 40 So.2d 814 (La.1949).
The insuring clause of the policy provides:
"The company will pay on behalf of the insured all sums which the insured shall *28 become legally obligated to pay as damages because of
A. Bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence, ..."
The word occurrence is defined in the policy as:
"[O]ccurrence means an accident, including, continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;"

[Emphasis added]
Having concluded that the damages to the plaintiff's property resulted from a willful and intentional trespass, it certainly cannot be said that they were "neither expected nor intended from the standpoint of the insured". Therefore, it is clear that such damages were not caused by an "occurrence" so as to be insured under the policy. See Argonaut Southwest Insurance Company v. Maupin, 500 S.W.2d 633 (Tex. 1973); Corvallis Sand & G. Co., Inc. v. Oregon Auto. Ins., 521 P.2d 1044 (Ore.1974); and these Louisiana cases denying coverage for bodily injuries resulting from intentional torts: Monk v. Veillon, 312 So.2d 377 (La.App. 3 Cir. 1975); Kipp v. Hurdle, 307 So.2d 125 (La.App. 1 Cir. 1975); Terito v. McAndrew, 246 So.2d 235 (La.App. 1 Cir. 1971); and Wigginton v. Lumbermens Mutual Casualty Company, 169 So.2d 170 (La. App. 1 Cir. 1964).
For the foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.