FRED W. JONES, Jr., Judge.
James Farmer, Sr. appeals a judgment for $8,173 for the unauthorized cutting of trees and brush belonging to Mr. and Mrs. Charles Berry. For the reasons hereinafter explained, we amend and affirm.
Farmer asserts that the trial judge erred in overruling his plea of prescription, in holding that the Berrys were entitled to exemplary damages, in awarding damages based on replacement costs, and in awarding damages for mental anguish.
The facts of the case are not complicated. The Berrys and a Mr. Lumas own adjoining tracts of land near Ida, Louisiana. James Farmer, Sr. contracted with Mr. Lumas to cut timber on his land. Farmer had an agreement with a shipper that he would supply and it would accept a maximum of two loads (20 cords) of timber per week. This maximum on his output caused Farmer to spread the job over a period stretching from mid-August to late September. During this period, Farmer crossed Lu-mas’s northern boundary and cut 10 large trees and approximately 20 small trees from the southeast corner of the Berrys’ lot. The Berrys sued Farmer after he refused to pay for the trees.
*152 The first issue is whether the trial judge erred in finding that the action had not prescribed. The Berrys filed suit on August 31, 1983. The timber operations admittedly were ongoing on August 31 of 1982. The sole dispositive question of fact is: when was the last tree cut from the Berrys’ land? The trial judge specifically made a credibility assessment and believed the testimony of Mr. and Mrs. Berry as corroborated by their phone records and the testimony of one of Farmer’s laborers. The trial court found that the cutting operation on the Berrys’ land was after September 1, 1982, consequently the plea of prescription failed. Credibility of witnesses is a determination particularly well-suited to the trial court. After reviewing the record, we find that the trial judge was not clearly wrong.
The second issue is whether the trial judge erred in granting “exemplary damages.” There was no such award. An award for “mental anguish” is not an award for “exemplary damages.” Turner v. Southern Excavation, Inc., 322 So.2d 326, 327 (La.App. 2d Cir.1975), citing Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir.1959). Furthermore, the trial judge did not award treble damages since the plaintiffs abandoned the claim during the course of trial. Appellant’s claim of error on this basis is meritless.
The third issue raised by Farmer is whether the trial judge erred by awarding damages based on replacement costs rather than the relative value of the land before and after cutting, or the timber value of the trees taken. The trial judge acknowledged that the standard is generally to award the change in value of the land. However, he also noted that where there is a willful and wanton disregard for the interest of the property owner, the trial court has the discretion to apply a different measure of damages. The trial judge found that while Farmer may not have intentionally cut the Berrys’ trees, he showed a wanton and reckless disregard. We note that the Berrys’ expert testified that the diminution of the value of the land was the equivalent of the replacement value of the trees in this case. However, the record does indicate that the small trees and brush would have ultimately been eliminated in a “thinning out” process for the benefit of the larger ornamental trees. Therefore, error was committed in awarding $1800 for this item.
Finally, Farmer contends the trial judge erred in awarding $2,000 damages for mental anguish. We agree. First, no mental anguish was proved on the part of Mr. Berry. Second, that of Mrs. Berry was minimal. We find that the sum of $500 would be adequate to compensate her for that item, and so reduce the award.
To summarize, we eliminate the award of $1800 for loss of the small trees and brush and the award of $1000 to Charles Berry for mental anguish. Further, we reduce the award of $1000 to Mrs. Berry for mental anguish to $500.
For these reasons, we amend the judgment by reducing it to $4,873 and, as thus amended, affirm. Costs of appeal are divided equally between the appellant and the appellees.