199 So.2d 900

**John W. KANE, Jr.**

**v.**

**LOUISIANA COMMISSION ON GOVERNMENTAL ETHICS et al.**

No. 48523.

June 5, 1967.

Louis S. Quinn, Baton Rouge, for defendants-appellants.

Kantrow, Spaht, Weaver & Walter, by Carlos G. Spaht, Baton Rouge, Thomas J. Meunier, New Orleans, Oliver P. Stockwell, Sam H. Jones, Lake Charles, Sidney D. Fazio, Baton Rouge, for amicus curiae.

Robert L. Kleinpeter, Kleinpeter & George, Baton Rouge, for plaintiff-appellee.

HAMLIN, Justice:

Defendants appeal from a judgment of the trial court which enjoined, restrained, and prohibited the Louisiana Commission on Governmental Ethics from conducting any further proceedings affecting plaintiff, John W. Kane, Jr. (a businessman operating Kane's Office Supply), and decreed that all actions previously taken by the Louisiana

Commission on Governmental Ethics against the plaintiff be vacated and set aside.

The trial court did not state in its judgment that it declared Act 110 of 1964, the Code of Governmental Ethics, unconstitutional in part; but, in its reasons for judgment, it held that the Louisiana Commission on Governmental Ethics had no jurisdiction over persons who were not State employees or officials. It further held that the Legislature, however notable its intent, failed to make provisions in the body of Art. XIX, Sec. 27, La.Const. of 1921, applicable to "other persons," and that such failure was a fatal omission that deprived the Commission of jurisdiction over plaintiff. We presume that the trial court declared Act 110 of 1964 unconstitutional in part and will handle this appeal in that respect.

On July 22, 1966, the Louisiana Commission on Governmental Ethics addressed the following letter to John W. Kane, Jr., Kane's Office Supply, Baton Rouge, Louisiana:

"Dear Mr. Kane:

"On July 19, 1966, the Louisiana Commission on Governmental Ethics, on its own initiative, scheduled a public hearing to investigate whether or not you violated the Code of Governmental Ethics by paying the sum of $352.15 to Wallace King, Assistant Director of the State Parks and Recreation Commission, represented by checks dated April 26, 1965 in

the amount of $210.00 and July 13, 1965 in the amount of $142.15 made by Kane's Office Supply, Inc. payable to Wallace King.

"Specifically, you are charged with a violation of Section 1118[1] of Title 42 of the Revised Statutes of 1950 by making these payments to Wallace King either as a gift or as compensation for services performed for you whether such payments were made on account of contracts between Kane's Office Supply, Inc. and the State Parks and Recreation Commission represented by State Parks and Recreation Commission Purchase Orders Nos. 2424 dated February 24, 1965, 2425 dated February 24, 1965, and 2497 dated June 11, 1965, or for purchases made from Kane's Office Supply, Inc. by Smith Cabinet Works of Denham Springs, Louisiana represented by your Invoices Nos. 13534 and 13088.

"This public hearing will be held commencing at 9:00 a. m. on August 26, 1966 in the Hearing Room of the Civil Service Building in Baton Rouge, Louisiana. Enclosed herewith for your information are the rules of the Louisiana Commission on Governmental Ethics and a pamphlet which contains the Code of Governmental Ethics."

On August 26, 1966, a hearing was held. The Commission found that plaintiff had violated the Code of Governmental Ethics; his conduct was censured; a written opinion was to follow. The meeting was adjourned at 4:00 P.M.

On the same date, August 26, 1966, at about 4:58 P.M., plaintiff instituted the present proceedings in which he alleged in part:

"9.

"That Act 110 of the Louisiana Legislature of 1964 is unconstitutional and violates the due process clause of the Constitution of the United States, as well as the Constitution of the State of Louisiana, particularly Article I, Sections 9 and 10 and Article XIX, Section 27 in that the constitutional amendment referred to hereinabove vested the Louisiana Commission on Governmental Ethics with jurisdiction only over alleged violations of the Code of Ethics by 'state employees' and 'state officials' and did not authorize a Code of Ethics dealing with private citizens and businessmen.

"10.

"That Act 110 of the Louisiana Legislature of 1964 provides criminal sanction and in fact states that a violation of the

---

1. "A. Payments as Compensation.—No state employee or other person shall give, pay, loan, transfer or deliver or offer to give, pay, loan, transfer or deliver, directly or indirectly, to any other state employee or person any thing of economic value which he would be prohibited from receiving by any other provisions of this. Part." LSA–R.S. 42:1118.

Act and upon proper finding by the Louisiana Commission on Governmental Ethics constitutes a misdemeanor and subjects the accused to a fine of $2,000 and/or imprisonment for one year or both.

"11.

"That your petitioner is not a 'state employee' or a 'state official' within the definition of the constitutional article and the pertinent statutory provisions hereinabove referred to and is therefore not subject to the jurisdiction of the Louisiana Commission on Governmental Ethics."

In his petition, plaintiff prayed for the relief granted by the trial court, supra.

In this Court, plaintiff argues that the findings of the trial court are eminently correct and that its decision should be affirmed. He submits that the Louisiana Commission on Governmental Ethics did not have jurisdiction to file any charges, hold any hearings, prosecute or make any decisions with reference to him, a private citizen, and not otherwise classified as a State employee.

Defendants-Appellants contend that since the constitutional amendments, both Civil Service and Governmental Ethics, and the Code of Governmental Ethics adopted by the Legislature can be reconciled, and there is no prohibition against the Legislature including "other persons" under the Code of Ethics, the judgment of the trial court should be reversed and plaintiff's suit dismissed.

 In Womack v. Lousiana Commission on Governmental Ethics et al., 250 La. 833, 199 So.2d 891, decision handed down June 5, 1967, we discussed in detail a contention identical to plaintiff's contention that Act 110 of 1964 is unconstitutional because of its inclusion of criminal provisions. In the Womack Case, we found that Act 110 of 1964 is not unconstitutional by virtue of its criminal provisions; we also found that such sanctions are not violative of due process. Therefore, plaintiff's contention herein is without merit and requires no further discussion.

Act 528 of 1964 was a joint resolution of the Legislature proposing an amendment to Article XIX of the Constitution of Louisiana by adding thereto a new section, to be designated as Section 27 thereof, to authorize a code of ethics for governmental affairs in the State of Louisiana for elected officials, members of the Legislature, employees and *other persons,* to provide for the establishment of the Louisiana Commission on Governmental Ethics to administer the code of ethics for state employees, members of Boards and Commissions and *other persons;* to provide for establishment of the Louisiana Board of Ethics for State Elected Officials; to fix the powers and duties of each with respect to the Code of Ethics; to provide for appeals from

administrative rulings of the commission and board and agency heads; to authorize the staff of the Department of State Civil Service to render all normal investigative and staff services for the commission and board.

Act 528 of 1964 provided that the proposed amendment should be submitted to the electors of the State at the next general election for representatives in Congress to be held in Louisiana in 1964. The official ballot submitted to the electorate recited that they should vote for or against, "the proposed amendment to Article XIX of the Louisiana Constitution to add thereto a new Section 27, to establish a code of ethics for governmental affairs and to create the Louisiana Commission on Governmental Ethics and the Louisiana Board of Ethics for State Elected Officials."

Section 27 of Article XIX states in 3. B. that, "The Louisiana Commission on Governmental Ethics shall have jurisdiction to investigate all allegations of violations of the code of ethics enacted by the Legislature with respect to all state employees other than state officials covered by part 4 hereof. * * * " No mention of "other persons" is made in the section. However, Act 528 of 1964, supra, which authorized the amendment to Article XIX of the Constitution and. was submitted to the electorate, recited that the Code of Ethics was for elected officials, members of the Legislature, employees, *and .other persons.* We

find, therefore, that the electorate voted for an amendment to Article XIX of· the Constitution and for a Code of Governmental Ethics to be established by the Legislature. Section 27 of Article XIX provides in part 2 that the Legislature is authorized to establish a code of governmental ethics to implement and effectuate the policies and purposes of this Section.

■ The Legislature is supreme except when restricted by the Constitution; it may do everything that the Constitution does not prohibit. Plebst v. Barnwell Drilling Company, 243 La. 874, 148 So.2d 584; Buras v. Orleans Parish Democratic Executive Com., 248 La. 203, 177 So.2d 576. We find no restrictive language in Section 27, nor do we find any prohibitions therein. Therefore, when the Legislature adopted the Code of Governmental Ethics, Act 110 of 1964, which took effect and became operative when Section 27, supra, was adopted, it was neither prohibited from including "other persons" in the Act's provisions nor restricted to the classes set out in Section 27.

Act 110 of 1964 is an Act "To amend Title 42 of the Louisiana Revised Statutes of 1950 by adding thereto a new chapter to be designated as Chapter 15 thereof comprising Section 1101 through 1123 of Title 42, establishing a Code of Ethics for Governmental Affairs in the State of Louisiana for elected state officials, members of the

Legislature, members of boards and commissions, employees *and other persons;* * * * to establish the Louisiana Commission on Governmental Ethics and fix its powers and duties in connection with said Code with respect to state employees and members of boards and commissions; and authorizing and directing the Department of State Civil Service to provide investigative and administrative services for the said commission and board in connection with said Code; to provide prescriptive periods with respect hereto; and to provide civil and criminal penalties in connection with certain violations hereof." (Emphasis ours.)

Act 110 of 1964, LSA–R.S. 42:1111(I) recites:

" 'Person' means:

"(1) An individual, other than a state agency or employee;

"(2) A partnership, association, corporation, firm, institution, trust, foundation or other legal entity (other than an agency), whether or not operated for profit;

"(3) A district, parish, municipality or other political subdivision of the state, or any subdivision thereof, including public districts and authorities, provided such is not an agency;"

LSA–R.S. 42:1119(D) (5) provides that the Louisiana Commission on Governmental Ethics shall consider any complaints concerning violations of this Part involving employees and other persons who are within the jurisdiction of this Part. LSA–R.S. 42:1119(D) (4) states that the Commission may conduct private or public hearings on complaints, but that the Commission shall have authority to take or order action to be taken against any employee or *other person* only after a public hearing. No action shall be taken against any employee or *other person* at a private hearing. LSA–R.S. 42:1121(B) provides for Administrative Enforcement as to former State employees and others.

■ The above sections of Act 110 of 1964 set forth in the revised statutes, as well as others not discussed, constrain us to find that the Louisiana Commission on Governmental Ethics has jurisdiction over "other persons." Plaintiff may be classified within the category of "other persons," and with respect to the instant investigation he is within the jurisdiction of the Louisiana Commission on Governmental Ethics.

The judgment herein rendered does not provide for the issuance of a permanent injunction.

The record discloses that the petition was filed in the district court on August 26, 1966.

The prayer of the petition is for (1) the issuance of a temporary restraining

order; (2) the issuance of a rule to show cause why a preliminary injunction should not issue; (3) citation and "perpetuating the preliminary writ of injunction and making it permanent."

On August 26, 1966, at 4:58 P.M., the district court issued a temporary restraining order; it also issued an order directing the defendants to show cause on September 6, 1966, why a preliminary writ of injunction should not issue.

The Minutes disclose that on September 6, 1966, the temporary restraining order issued was continued in full force and effect until September 13, 1966, and the case was "passed by consent of counsel and reassigned for Monday, September 12, 1966," on which date the matter was heard "on a rule for preliminary injunction."

On November 23, 1966, the judgment appealed from was rendered. It was signed December 5, 1966. Motion for a devolutive appeal was entered on December 14, 1966.

Thus is will appear that we have before us only a judgment ordering that a preliminary injunction issue.

For. the reasons assigned, it is ordered that said rule for a preliminary injunction be discharged and dismissed; that the judgment appealed from be reversed and set aside, and the preliminary writ of injunction prayed for be denied; costs of

this appeal to be borne by plaintiff; all other costs to await the final determination of this cause.

McCALEB, J., concurs in the decree.

SUMMERS, J., dissents.

199 So.2d 904