348 So.2d 735 (1977)
NATIONAL PACIFIC CORPORATION et al.
v.
AMERICAN COMMONWEALTH FINANCIAL CORPORATION et al.
No. 11456.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Virgil M. Wheeler, Jr., New Orleans, of counsel for plaintiff-appellant, National Pacific Corp. and Joseph Hauser.
Van R. Mayhall, Jr., Baton Rouge, of counsel for defendant-appellee, American Commonwealth Financial Corp.
Frank M. Coates, Jr., Baton Rouge, of counsel for defendant-appellee, Louisiana Nat. Bank Bldg.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
*736 COVINGTON, Judge.
On June 15, 1976, American Commonwealth Financial Corporation and Roger J. LeBlanc, sold 578,444 and 18,125 shares, respectively, of common capital stock in National American Life Insurance Company to National Pacific Corporation for the price of $6,031,718.75, which was paid by a cash down payment of $2,031,718.75, and the giving of a promissory note of National Pacific Corporation for the balance of $4,000,000.00. The note was payable by one $1,000,000.00 non-interest bearing payment due on or before December 1, 1976, and by five $600,000.00 installments, with interest, due in succeeding consecutive years.
The sale was evidenced by a stock purchase agreement dated June 15, 1976, and, as security for the payment of the note, the transferred stock, represented by Certificate No. 111991 of National American, was delivered to and pledged with American Commonwealth under a collateral pledge agreement dated the same day. In addition, Joseph Hauser, Chairman of the Board of National Pacific, personally endorsed the note. After delivery to American Commonwealth, the pledged stock was placed in escrow with Louisiana National Bank to be held until the note was paid or until some act of default occurred as a result of which the escrow agent was to deliver the stock to American Commonwealth as pledgee.
On September 29, 1976, the American Commonwealth filed suit for the unpaid balance on the promissory note in a suit entitled "American Commonwealth Financial Corporation v. National Pacific Corporation and Joseph Hauser," Number 195-919, Nineteenth Judicial District Court, East Baton Rouge Parish, in which American Commonwealth claimed that certain of the covenants of the collateral pledge agreement had been violated.
Thereafter, National Pacific Corporation and Joseph Hauser filed the instant suit against American Commonwealth and Roger J. LeBlanc, demanding rescission of the stock purchase because of the alleged breach of representations and warranties and of redhibitory vices. In connection with the suit for rescission, National Pacific and Hauser sought a preliminary injunction to prevent the Bank from delivering the pledged stock to American Commonwealth.
In response to the plaintiffs' suit, American Commonwealth and LeBlanc asked that the plaintiffs' injunctive relief be denied; further, defendants sought an injunction directing the Bank to deliver the stock certificate to the pledgee under the pledge agreement.
After hearing on the cross-applications for preliminary injunctive relief, the trial court denied both applications. From the denial of their application, National Pacific and Hauser have appealed; American Commonwealth and LeBlanc have answered the appeal. We affirm.
A preliminary injunction is a procedural device which is interlocutory in nature, designed to preserve the existing status of the litigants until a determination can be made on the merits of the controversy. Employers Overload Company v. Employers Overload Company of New Orleans, Inc., 266 So.2d 546 (La.App. 4 Cir. 1972), writ refused 263 La. 375, 268 So.2d 260 (La.1972).
A preliminary injunction may issue only on a prima facie showing by the applicant that he is entitled to the relief sought, and that he would suffer irreparable injury if it is not granted. Melancon v. Assumption Parish Police Jury, 231 So.2d 690 (La.App. 1 Cir. 1970).
Irreparable injury for which a preliminary injunction will lie is that for which an injured party can not be compensated adequately in money damages, or for which damages can not be measured by a pecuniary standard. Wood v. Gibson Construction Company, 313 So.2d 898 (La.App. 2 Cir. 1975), writ refused 320 So.2d 549 (La.1975). Absent a showing of irreparable injury, a preliminary injunction is an inappropriate remedy. McBride v. Duckworth, 232 So.2d 122 (La.App. 2 Cir. 1970).
The trial judge has broad discretion in determining whether to grant or refuse a *737 preliminary injunction and his decision will be disturbed only in cases where a clear abuse of this discretion has been shown. Picard v. Choplin, 306 So.2d 918 (La.App. 3 Cir. 1975).
The crucial question presented here is whether the respective applicants will suffer irreparable injury, loss, or damage in the absence of injunctive relief; LSA-C.C.P. art. 3601. From our review of the record, we conclude that the trial court has not abused its discretion in denying the requests for preliminary injunctions. Rather, considering all of the above rules applicable to such relief, we find that the trial judge acted within the bounds of his discretion in refusing them. There is nothing in the record to indicate that irreparable injury will be sustained by either applicant absent injunctive relief.
The plaintiffs-appellants, National Pacific Corporation and Joseph Hauser, have sued to rescind the sale and purchase of the stock and they pray for a certain money judgment. Under their allegations and prayer, it is obvious that their alleged damages can be measured by a pecuniary standard and that they can be adequately compensated in money damages if they prevail on the merits. Moreover, they do not even allege that they will suffer an irreparable injury, loss or damage under the circumstances.
It is equally obvious that defendants-appellees, American Commonwealth Financial Corporation and Roger J. LeBlanc, are not entitled to a preliminary injunction directing the Louisiana National Bank to deliver the pledged stock to American Commonwealth as pledgee. The basis for their seeking of a preliminary injunction is their alleged concern that if the stock is not delivered into American Commonwealth's possession as pledgee, the appellants might make some attempt to gain possession of the stock from the Bank, thus destroying the security rights of the appellees. The letter escrow agreement adequately protects the appellees. There is no allegation, or evidence, that the Bank has even the remotest intention of breaching its fiduciary duties to either party. Any supposed fear on the part of the appellees that the Bank will, out of hand, turn the escrowed stock over to the appellants appears to be without foundation.
The judgment of the trial court is affirmed. Since both appellants and appellees are equally responsible for this appeal, we think that the interest of justice will be best served by allowing each party to share equally in the costs thereof. All other costs are to await the final disposition of the case on the merits.
AFFIRMED.