389 So.2d 76 (1980)
Margaret Norman, wife of/and John H. MUSSER, IV
v.
MERCY ACADEMY, Sister Mary Henry, and the Religious Sisters of Mercy.
No. 11041.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1980.
Baldwin & Haspel, John A. Hollister, Metairie, and Monica T. Surprenant, New Orleans, for plaintiffs-appellees.
Henican, James & Cleveland, C. Ellis Henican, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, REDMANN and SARTAIN, JJ.
SAMUEL, Judge.
Plaintiffs, a teacher and her husband, instituted this suit for a temporary restraining order, a preliminary injunction, and a permanent injunction (the suit seeks only injunctive relief) against Mercy Academy, its principal, and the Religious Sisters of *77 Mercy[1] to prevent defendants from hiring a teacher to fill the position held by Mrs. Musser, the plaintiff wife.
Following trial there was judgment in favor of plaintiffs, permanently prohibiting the defendants from hiring or attempting to hire any replacement for Mrs. Musser, ordering her reinstatement, and directing the parties to submit to binding arbitration.[2] Defendants have suspensively appealed from that judgment.
Mrs. Musser, a secondary school English teacher, signed a contract of employment with Mercy Academy, represented by its principal, Sister Mary Henry, for the school year beginning August 22, 1979 at an annual salary of $9,750.
The contract did not specify the specific subject or subjects or the number of classes to be taught, but listed the duties as follows:
"DUTIES. The Teacher shall perform all duties and services of a teacher faithfully and satisfactorily at such time, place and under such conditions as may be prescribed by the Principal of said school."
The contract also provided:
"In the event that the Teacher is unable to perform all or substantially all of his/her duties under this agreement because of reasons of health, either physical or mental, or for any other reason, this agreement will be, ipso facto, null and void ..."
Shortly before the fall term opened, the principal called Mrs. Musser to tell her she would be expected to teach five English classes because one of the other English teachers had resigned and the remaining teachers would each absorb one extra class.
Mrs. Musser had been scheduled to teach four classes, but this was a matter of schedule and not contract. After talking the matter over with her husband, she decided she could not do her best with such a workload, and so informed the principal. The principal, who did not consider the workload excessive, or the teacher poorly remunerated in view of the fact that she was to receive a $2,000 increase over her previous year's salary, felt that if Mrs. Musser could not perform the duties assigned, the school would have to look for another teacher. Mrs. Musser refused the five class assignment, and the academy sought a replacement. This injunctive suit followed.
Although appellants make several contentions which have merit, we prefer to base our decision on the procedural matter of injunctive relief, and therefore find it unnecessary to discuss those contentions.[3]
As provided in pertinent part by Code of Civil Procedure Article 3601:
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law;"
Thus, irreparable injury for which an injunction will lie is that for which an injured party cannot be compensated in money damages, or for which damages cannot be measured by a pecuniary standard; absent a showing of irreparable injury injunction is an inappropriate remedy.[4]
*78 The question presented is whether plaintiffs will suffer irreparable injury, loss or damage in the absence of injunctive relief. We are satisfied they will not. In the event defendants have breached their contract with Mrs. Musser, plaintiffs have an adequate remedy to recover loss of salary and any other damages without the injunctive relief sought by them; those damages can be compensated in money and can be measured by a pecuniary standard. They are not entitled to injunctive relief.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the injunction herein issued be cancelled and dissolved and that plaintiffs' suit be dismissed. All costs in both courts are to be paid by plaintiffs.
REVERSED.
NOTES
[1] Service on the Religious Sisters of Mercy was not made at the request of plaintiffs, and that defendant does not appear elsewhere in this suit.
[2] Although not a part of the judgment, in his Reasons for Judgment the judge stated that, if in the future the parties should terminate their relationship, the academy would provide "a reasonable recommendation to Mrs. Musser attesting to her abilities and loyalties as a sincere, dedicated and conscientious teacher".
[3] For example, appellants contend: It was error for the trial court to grant a permanent injunction on a hearing for a preliminary injunction; the only injunction which could have been issued was a preliminary injunction which requires a bond, and no bond was set or furnished; the contractual provision requiring arbitration was restricted to dismissal for professional incompetence, and there is no question of incompetence here.
[4] Greenberg v. DeSalvo, 254 La. 1019, 229 So.2d 83; Pennington v. Drews, 209 La. 1, 24 So.2d 156; Wood v. Gibson Construction Company, La.App., 313 So.2d 898; Danzie v. Ruthland, La.App., 232 So.2d 303; McBride v. Duckworth, La.App., 232 So.2d 122.