BLANCHE, Justice.
Relator, Boucher & Slack Contractors, Inc. and Bronner Investment Company, Inc. hereinafter referred to as “contractors”, filed suit to enjoin the defendant bank, Commercial National Bank of Shreveport, from honoring a draft presented to it pursuant to a letter of credit issued to Harvey McLean, Jr., presently the liquidator of Woodlands of Huntington, Inc., hereinafter referred to as “owner”. The trial court denied the injunction and ordered the defendant bank to honor the draft, but required the bank to pay the funds into the registry of the court pending the judicial determination of whether the contractor was in default of his contractual obligation to construct an apartment project for owner. Actually, the letter of credit was issued by the contractors in favor of the owner in lieu of a performance bond.
The owner asserted that he was entitled to the funds in accordance with the letter of credit and that the trial court, after denying the contractors injunctive relief, should not have ordered the funds paid into the registry of the court. On appeal to the Second Circuit Court of Appeal, 382 So.2d 1030, that court agreed with the owner and ordered the funds in the registry of the court paid to him. Contractors thereafter applied for a writ to this Court, 385 So.2d 794, and the same was granted to determine the correctness of the court of appeal judgment ordering the funds transferred from the registry of the court to the owner.
After argument before this Court on November 10, 1980, contractors filed a plea of mootness, setting forth a stipulation between the contractors and the owner. This stipulation was made at a scheduled hearing before the trial court on October 14, 1980 for the purpose of requiring the defendant to post an appeal bond in excess of that originally set by the court.
The stipulation is as follows:
“BY COUNSEL FOR OWNER:
Your Honor, the defendants stipulate that the funds that are now in the registry of the Court are to remain in the legal custody and registry of the Court pending the disposition of this case on the merits.
BY COUNSEL FOR CONTRACTORS:
Your Honor, I would like for the record to clarify and confirm that — notwithstanding any disposition the Louisiana Supreme Court may make with respect to this Court’s earlier ruling by placing the funds in the registry of the Court; that the funds will remain in the registry of the Court notwithstanding which way the Louisiana Supreme Court may decide that issue.
BY COUNSEL FOR OWNER:
Your Honor, the defendants are in accord with that.
BY THE COURT:
All right. It will be noted in the record that by stipulation by counsel that the funds shall remain in the registry of the Court until_further orders of this *842 Court. Since the funds shall remain in the registry of the Court, the defendants’ appeal bond will remain as originally set. You gentlemen will protect me with the Supreme Court. And that’s to be noted in the record.”
It thus appears that any judgment this Court would render concerning the disposition of the funds deposited in the registry of the court below is now moot.
For the above reasons, the writ issued herein is recalled.
WRIT RECALLED.