MARVIN, Judge.
In Boucher & Slack Contractors, Inc. v. McLean, 382 So.2d 1030 (La.App.2d Cir. 1980), writ recalled, 391 So.2d 840 (La.1980), we upheld the right of the defendant, owner of an apartment complex, to exercise against the plaintiff, contractor for the complex, a letter of credit executed by the contractor in lieu of a performance bond for the contract. The owner’s exercise of the draw under the letter of credit was founded upon the owner’s supporting affidavit that $440,000 was owed in damages because the contractor failed to complete the contract with due and reasonable diligence, as required by the contract, which otherwise did not have a completion date.
The contractor then sought a declaratory judgment that it had timely performed the contract and that it was entitled to damages from the owner for exercising the letter of credit. The owner, of course, sought to prove the damages asserted in the exercise of the letter of credit.
. The trial court found that the contractor had not performed with due and reasonable diligence and rendered judgment for the owner for $77,228. The trial court denied attorney fees claimed by the owner for dissolving a TRO which earlier restrained hon *46 oring of the letter of credit. Both litigants appeal. The owner, in addition to attorney fees, seeks to increase the damage award. We affirm for the excellently detailed and supported reasons assigned by the trial court.
The contractor generally contends that the trial court erred in finding that 13 months was a reasonable time in which the contract should have been completed according to the particular circumstances under industry standards. The contractor argues that factors such as the effect of inclement weather, a fire during construction, labor and material shortages, and the owner’s unsuccessful negotiation for a guaranteed completion time of 18 months in the contract, support the contrary finding that the substantial completion in I6V2 months was fulfillment of the contract requirement of completion with due and reasonable diligence.[1]
The owner generally contends that the evidence supports the claimed increase in damages, based particularly upon a 10-month “reasonable” completion date, and that the law compels that the owner be awarded attorney fees for dissolution of a wrongly issued TRO.[2]
The essence of the several contentions of the litigants is whether or not the trial court manifestly erred or abused its discretion in weighing the evidence presented and in determining the amount and the basis of tile eventual award. We find no such error or abuse.
The trial judge was impressed with the testimony of the owner’s expert witnesses. While the contractor’s experts testified in generalities and did not exhibit specific familiarity with the project, the owner’s experts exhibited specific and der tailed knowledge of the project. The testimony of the owner’s experts was given greater weight. This was within the trial court’s discretion and should not be disturbed on appeal unless that discretion is abused. See State, Department of Highways v. DeJean, 322 So.2d 265 (La.App.2d Cir. 1975) and Maddox v. Percy, 351 So.2d 1249 (La.App.1st Cir. 1977). The owner’s expert and lay testimony constitutes substantial evidence supporting the judgment and the trial court’s conclusion that 13 months was a reasonable completion time for a contract pursued with “due and reasonable diligence”.
The trial court’s award of damages was also well within its discretion. See CC Art. 1934(3). The basis of this award (loss of rental income) was particularized by the trial court. We find no error in the trial court’s analysis or assessment of damages and decline to reduce or to increase the judgment in this respect.
The trial court denied the owner attorney’s fees for dissolving the TRO after considering the background of the litigation, the manner in which it arose, the evidence *47 presented, the briefs filed, and all factors in the case.[3] CCP 3608 states:
“Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages ...” Our emphasis.
The clear language of the article gives the trial judge discretion to award attorney’s fees as a part of damages. We find no error or abuse of discretion in the denial of attorney’s fees.
We adopt, as our opinion, but do not publish, the very excellent and detailed reasons given in 23 pages by the trial court, and, at plaintiff’s cost, AFFIRM the judgment appealed.

. The contractor specifically contends on appeal that the trial court erred in not finding that the intention of the parties governed the determination of “due and reasonable diligence” and that the evidence showed that this period was at least 18 months. Plaintiff also contends the trial court erred in finding that defendants proved to a legal certainty that it would have earned net profits during the 3V2 month period between time the project allegedly should have been completed (13 months) and when it was completed (after I6V2 months). The contractor further asserts that the trial court erred in awarding an amount for the alleged loss of “gross rentals” and contends that the award was speculative and subjective.

. The owner specifically argues on appeal that the trial court erred in finding that the contractor would have exercised due and reasonable diligence by completing the project in 13 months. The owner contends that 10 months is the proper time frame. The owner also contends that the trial court should have awarded $440,129.58 and not $77,228.94 to him. In this connection, the owner argues that the trial court erred in ordering the return of $362,-900.64 to the contractor (the difference in the damages awarded to the owner and the amount claimed under the exercise of the letter of credit). The owner contends the trial court erred in denying the owner’s request for attorney’s fees incurred in defense of the TRO-preliminary injunction portion of the case. The owner also asserts that the trial court erred in ordering the return of $50,000 deposited by the contractor as a bond for the issuance of the TRO.

. “This Court has been requested to award attorneys fees for the effort made by Defendants’ attorneys in dissolving the temporary restraining order which previously issued herein. Although this relief was requested at the outset of this litigation and Defendants had reserved their rights to seek attorneys fees in the judgment of September 19, 1979, nevertheless, this issue was never addressed during the course of the litigation, either through evidence, brief, or argument of counsel. The matter has now arisen in connection with the final judgment to be presented for signature following the trial on the merits.
“This Court has considered the background of this litigation, the manner in which it arose, the evidence presented and the previous written opinions of this Court. We have also considered the most recent briefs filed by counsel.
“After having considered all the factors in this case, we decline to make an award of attorneys fees as an element of damages in the defense of this litigation. Accordingly, the claim for attorneys fees is rejected.”