434 So.2d 1197 (1983)
Bryant W. CONWAY
v.
Robert STRATTON, et al.
No. 82 CA 0952.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1198 Ronald G. Coleman, Baton Rouge, for plaintiff-appellant Bryant W. Conway.
David M. Vaughn, Baton Rouge, for defendant-appellee Robert Stratton, etc.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment sustaining defendant's peremptory exception of no cause of action to plaintiff's supplemental petition asking for injunctive relief.
On January 4, 1982, Bryant W. Conway, plaintiff, filed suit against Robert W. Stratton, defendant, seeking a partition of the assets and obligations of the partnership known as Conway and Stratton and seeking a money judgment against Stratton in the amount of $27,007.10, plus interest and costs. Plaintiff's petition alleged that he and Stratton established a partnership for the purpose of practicing law on December 28, 1978, and executed written articles of partnership. The partnership expired by its own terms on December 31, 1979; however, Conway and Stratton practiced out of the same office without any written agreement until December 23, 1980. Plaintiff alleged that defendant owes him partnership funds and reimbursement for partnership debts plaintiff has paid.
On July 22, 1982, plaintiff filed a supplemental petition asking that a rule nisi issue to Stratton ordering him to show cause why a preliminary injunction should not issue preventing Stratton from disposing of $18,934.89 and, alternatively, ordering Stratton to pay that sum into the registry of the court, and further, alternatively, ordering Stratton to pay to plaintiff the sum of $9,476.45 (the sum of $18,934.89 represents the amount of funds derived from certain litigation described in the supplemental petition). Plaintiff also asked that the injunction be made permanent.
Stratton filed a peremptory exception of no cause of action to this supplemental petition arguing that the petition represents a money claim, that there can be no irreparable injury, and that the claim cannot be the object of a preliminary or permanent injunction. Plaintiff has appealed from the trial court judgment maintaining the exception.
There are basically three issues presented by plaintiff's appeal:
1) Is plaintiff entitled to injunctive relief when the object of the demand is a money judgment?
2) Is plaintiff entitled to a judicial sequestration?
3) Is plaintiff entitled to an injunction based on the Civil Code Article on partnership absent irreparable injury?

ISSUE NO. 1
Plaintiff contends that the trial court erred in not allowing him the opportunity to argue the merits of his claim for relief, as well as in denying his relief altogether.
A writ of injunction is a harsh, drastic and extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss or injury without adequate remedy at law. Greenberg v. De Salvo, 254 La. 1019, 229 So.2d 83 (La.1969), U.S. cert. denied at 397 U.S. 1075, 90 S.Ct. 1521, 25 L.Ed.2d 809.
Article 3601 of the Code of Civil Procedure provides as follows:
*1199 Art. 3601. Injunction, grounds for issuance; preliminary injunction; temporary restraining order
"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
"Except as otherwise provided by law, an application for injunctive relief shall be by petition."
To prevail in an action for injunction under this article, plaintiff must show that irreparable injury, loss or damage will ensue if an injunction is not granted.
Irreparable injury has been defined as injury for which an injured party cannot be compensated adequately in money damages, or for which damages cannot be measured by a pecuniary standard. National Pac. Corp. v. American Com. Fin. Corp., 348 So.2d 735 (La.App. 1st Cir.1977).
Plaintiff has made no showing of irreparable injury. Both the original and supplemental petitions allege that defendant owes to plaintiff certain sums which belong to plaintiff because of the partnership relationship. Plaintiff has been very precise about what sums are owed. Even assuming that all of plaintiff's allegations are true and the amounts are owed to him, the law does not afford injunctive relief in such a case. Plaintiff's remedy is to seek a money judgment against Stratton. The contention that Stratton may dispose of monies in his possession is not determinative. The possibility exists in every case in which a money judgment is sought.
In the case of LeBlanc v. Lyons, 401 So.2d 626 (La.App. 3rd Cir.1981), the trial court ordered a previously issued injunction against the husband, prohibiting him from alienating or encumbering community assets, to be continued in the judgment of divorce. Even though the wife clearly had an undivided one-half interest in the property, and even though some movables, i.e., certificates of deposit, were included in the property which could conceivably be "cashed in" by the husband, the Third Circuit reversed the trial court and denied the injunction, stating that the wife had her remedies against the husband if he should alienate the property.
The LeBlanc case is only one of many which hold that a party who can be compensated in money damages is not entitled to injunctive relief. Succession of Vice, 385 So.2d 554 (La.App. 3rd Cir.1980), writ denied, 392 So.2d 1066; Musser v. Mercy Academy, 389 So.2d 76 (La.App. 4th Cir. 1980); Wooten v. Null, 292 So.2d 883 (La. App. 2d Cir.1974).
The only injury plaintiff complains of is a loss in money. Clearly he is not entitled to injunctive relief.

ISSUE NO. 2
The second issue presented in plaintiff's appeal is whether plaintiff was entitled to judicial sequestration of the property. Plaintiff argues that the trial court should have ordered a judicial sequestration pursuant to the authority granted to the trial court in LSA-C.C.P. art. 3573.
LSA-C.C.P. art. 3573 reads as follows:
"The court on its own motion may order the sequestration of property the ownership of which is in dispute without requiring security when one of the parties *1200 does not appear to have a better right to possession than the other."
This article grants to the trial judge the power to order a sequestration at his discretion. However, ownership of the property must be in dispute and it must appear that one of the parties has no better right to possession than the other when a sequestration is ordered. Boucher & Slack Contractors, Inc. v. McLean, 382 So.2d 1030 (La.App. 2d Cir.1980), writ granted 385 So.2d 794 (La.1980), writ recalled 391 So.2d 840 (La.1980). In the instant case, we cannot say that the trial court exceeded the wide latitude and discretion afforded the trial judge by LSA-C.C.P. art. 3573, and this court will not interfere with this discretion absent manifest error. See Succession of Pavelka, 157 La. 480, 102 So. 579 (La. 1924) at p. 580.

ISSUE NO. 3
Apparently, plaintiff is arguing that LSA-C.C. arts. 2808, 2809 and 2810[1] entitle him to injunctive relief separate and apart from the relief granted in LSA-C.C.P. art. 3601, and without the necessity of showing irreparable injury. This argument is without merit under the clear wording of article 2810. Article 2810 merely states that the provisions of article 2808 and 2809 are not exclusive remedies that a partner or partnership may have against a partner. Also, these articles were enacted by Acts 1980, No. 150, § 1 and became effective January 1, 1981, after the date of the dissolution of the partnership.
For the above reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] LSA-C.C. art. 2808 reads as follows:

"Each partner owes the partnership all that he has agreed to contribute to it."
LSA-C.C. art. 2809 reads as follows:
"A partner owes a fiduciary duty to the partnership and to his partners. He may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does so, he must account to the partnership and to his partners for the resulting profits."
LSA-C.C. art. 2810 reads as follows:
"The provisions of Article 2808 and 2809 do not prejudice other rights granted by law to recover damages or to obtain injunctive relief in appropriate cases."