435 So.2d 1082 (1983)
Thomas P. ANZELMO, Sr., et al.
v.
LOUISIANA COMMISSION ON ETHICS FOR PUBLIC EMPLOYEES, et al.
No. 82 CA 0924.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied August 23, 1983.
*1083 David A. Marcello, New Orleans, for plaintiffs-appellants Thomas P. Anzelmo, Sr., et al.
R. Gray Sexton, Louisiana Com'n on Ethics for Public Employees, Baton Rouge, for defendant-appellee Louisiana Com'n on Ethics for Public Employees.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
This is an appeal of rulings by the Louisiana Commission on Ethics for Public Employees and the district court that the Commission has jurisdiction over Thomas P. Anzelmo, Sr. and Donald Anzelmo, who challenged the jurisdiction of the Commission after being charged with violations of Sections 1113(A), 1114(A) and 1119(A) of the *1084 Code of Governmental Ethics, La.R.S. 42:1101 et seq.
These charges are based on the fact that the professional law corporation which employs the Anzelmo brothers, McGlinchey, Stafford, Mintz and Cellini, represents the City of New Orleans on a contractual basis, and the Anzelmos' father, Salvador Anzelmo, is the City Attorney for New Orleans and head of the City's Law Department. The alleged violations are of the following provisions.
No public servant, excluding any legislator and any appointed member of any board or commission, member of such public servant's immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction which is under the supervision or jurisdiction of the agency of such public servant.
La.R.S. 42:1113(A).
Other than a legislator, each public servant and each member of his immediate family who derives any thing of economic value directly, through any transaction involving the agency of such public servant or who derives any thing of economic value of which he may be reasonably expected to know through a person which (1) is regulated by the agency of such public servant, or (2) has bid on or entered into or is in any way financially interested in any contract, subcontract, or any transaction under the supervision or jurisdiction of the agency of such public servant shall disclose the following....
La.R.S. 42:1114(A).
No member of the immediate family of an agency head shall be employed in his agency.
La.R.S. 42:1119(A).
A public hearing on this matter was scheduled for September 17, 1982. At this time the Anzelmo brothers' petition for a temporary restraining order based on the Commission's lack of jurisdiction was denied and hearing began with arguments concerning the question of the Commission's jurisdiction. After considering the various arguments, the Commission found that the exercise of jurisdiction over the Anzelmo brothers as persons other than public employees under La.R.S. 42:1101 et seq. was proper. After considering other preliminary matters, the Commission then continued the hearing until October 22. The Anzelmos requested a preliminary injunction, which was denied by the district court, and a stay of further proceedings pending disposition on appeal, which was granted by the district court. Subsequently this appeal was filed and oral arguments were heard.

JURISDICTION OVER OTHER PERSONS
Appellants contend that the trial court erred in finding that the Commission has jurisdiction over persons other than public employees and raise several arguments in support of their contention. They first argue that the Louisiana Constitution of 1974 requires the legislature to enact a code of ethics that will apply only to public servants, as evidenced by Article 10, Section 21 of the 1974 Constitution, as well as the Constitutional Debates.
We find, however, that such was not the purpose of the constitutional mandate. Article 10 Section 21 of the 1974 Constitution provides:
The legislature shall enact a code of ethics for all officials and employees of the state and its political subdivisions.
There is no language in this Article which forbids the promulgation of a code of ethics that is applicable to persons other than public servants. "The Legislature is supreme except when restricted by the Constitution; it may do everything that the Constitution does not prohibit." Kane v. Louisiana Commission on Governmental Ethics, 250 La. 855, 199 So.2d 900, 903 (1967). Therefore, since the Constitution does not prohibit the legislature from enacting a Code which regulates the conduct of persons other than public servants, the inclusion of other persons in the Code is constitutional. Furthermore, the purpose of *1085 such a code, as discussed in the Constitutional Debates, is to establish ethical standards for public servants and to protect against conflicts of interest. The concern expressed in the debates over whether the Code should include local public officials and employees or be limited in its application to state public officials and employees dealt with problems of interference with home rule, not a desire to formulate a very narrow Code of Ethics. Vol. VII, Records of the Louisiana Constitutional Convention of 1974: Convention Transcripts, p. 1280. Additionally, it was stated that the details of the Code would be left up to the legislature. Id., at 1276, 1284 and 1290. It must be presumed that since the Article did not prohibit the legislature from including other persons in the ambit of the Code, the legislature can constitutionally include such persons in the Code.
The appellants' second argument is that the jurisdictional section of the Code[1] strictly limits the jurisdiction of the Code to public employees, as there is no reference to any persons other than public employees in this Section. This argument must be rejected, however, because such a limited construction of this Section would render the Code inapplicable not only to persons other than public employees, such as the Anzelmo brothers, but also to elected officials, as they, too, were not referred to in this Section. The provisions of the Code should be construed so as to effectuate legislative intent whenever possible. See Louisiana Independent Auto Dealers Association v. State, 295 So.2d 796, 802 (La.1974). The section in question enables the Commission to administer and enforce the provisions of the Code. Read as a whole, it provides for the regulation of the conduct of not only public employees, but also that of elected officials and persons other than public servants. If the intention was anything less, the legislature would not have included sections in the Code that deal with persons other than public servants, or more particularly, members of a public servant's immediate family.
A law must be construed as a whole. Every part of a Statute must be given effect where such a result can be reasonably achieved. It cannot be presumed that the Legislature enacted meaningless clauses and phrases. [citation omitted]
Groves v. Board of Trustees of Teachers' Retirement System of Louisiana, 324 So.2d 587, 594 (La.App. 1st Cir.1975), writ denied, 326 So.2d 378, 380 (La.1976).
The policy of the Code, which indicates legislative intent, was declared as follows:
It is essential to the proper operation of democratic government that elected officials and public employees be independent and impartial; that governmental decisions and policy be made in the proper channel of the governmental structure; that public office and employment not be used for private gain other than the remuneration provided by law; and that there be public confidence in the integrity of government. The attainment of one or more of these ends is impaired when a conflict exists between the private interests of an elected official or a public employee and his duties as such ....
La.R.S. 42:1101(B).
The general purpose of the Code, therefore, is to prevent conflicts of interest between public servants and those in the private sector. While the Anzelmo brothers contend that this Code is applicable only to public employees or officials, it is clear that the legislative intent of the Code cannot possibly be so restricted in its application. If the behavior of those in the private sector who participate in unethical conduct with public servants cannot be regulated and chastised, the Code and its purposes are meaningless. In his oral reasons for judgment, the trial judge, in upholding the Commission's jurisdiction over this matter, stated:
One of the areas in which the Legislature sought to prohibit certain types of activities *1086 dealt with those interactions between public servants and members of their immediate family .... Reading the entire Code of Ethics as a whole [sic], it appears that the Legislature wished to create an independent governmental agency or body that could effectively deal with the attempts of politically and financially powerful and resourceful other persons who sometimes endeavor to improperly influence governmental conduct.
We agree. We hold that the legislature intended the Code to apply to persons other than public servants, and not be restricted in its application to only public employees. See Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752 (La.1983).
Another argument put forth by the Anzelmo brothers is that the difference between the former Code and the present Code evidences legislative intent to change the application of the Code to exclude other persons. In support of their position they cite the Kane case, which was decided under the former Code, and the court's reliance in Kane of the specific mention of "other persons" in the preambles to the earlier acts. The appellants' contention is that the legislature is presumed to have been cognizant of both the earlier codes and the Kane decision, and since the two statutes are worded differently, the intent was to change the law. If a change in the law was sought, it is hard to comprehend why the legislature nevertheless included provisions dealing with the conduct of persons other than public servants. Consequently, the presumptions urged by the Anzelmos cannot be made and it must be concluded that by including "other persons" provisions in the Code, the legislature did intend to regulate unethical behavior between public servants and those in the private sector.
Accordingly, we find that the legislature statutorily granted to the Commission jurisdiction over persons other than public servants, and reject this specification of error.

UNCONSTITUTIONALITY OF CODE OF ETHICS
A violation of Article 3, Section 15(A) of the 1974 Constitution is the second error alleged by the appellants. This Article, in pertinent part, provides:
Every bill ... shall be confined to one object. Every bill shall contain a brief title indicative of its object ....
The purpose of this Article is to ensure that the title provide notice as to the scope of the statute. Appellants contend that the title to the Code lacks specific mention of "other persons"; however, "[t]he title of an act is not to be strictly or technically construed." Louisiana Independent Auto Dealers Association, at 802. Article 3, Section 15 requires a brief title indicative of its object, not exhaustive detail of each section. This principle was recognized by this Court in Groves 324 So.2d at 595:
The constitutional provision in question does not require the title of an act to be an index of its contents, but only that the object of the act be expressed in general terms. All things proper and necessary to carry out the general intent and purpose of the act are deemed within the scope of its title. The applicable constitutional provision is deemed violated only when the variance in the provisions of the act is palpable and totally irreconcilable with the object as expressed in the title... [citations omitted].
We find that the title to this Code gives fair notice of the contents of the body. Prohibitions against improper dealings between a public servant and members of his immediate family are well within the intent of the Code as evidenced by its title. Additionally, it should be noted that such provisions are essential for the Commission to effectively and comprehensively monitor the conduct of public servants, particularly in situations where conflicts of interest arise.
It cannot be said that the provisions of the Code pertinent to the immediate family members of a public servant are irreconcilable with the purposes of the Code as set forth in its title. Indeed, such provisions are necessary in order for the goals of the *1087 Code to be accomplished, and are within the scope of the title.
It is contended further by the appellants that as applied to persons other than public employees, the Code of Ethics is unconstitutionally vague. Our review of the Code of Ethics reveals to us that it is not unconstitutionally vague. The provisions, when read as a whole, adequately provide a person of fair intelligence with fair notice of what conduct is prohibited or required. See Connick v. Lucky Pierre's, 331 So.2d 431 (La.1976).[2] The Code clearly forbids nepotism (La.R.S. 42:1119) (A)) and requires financial disclosure (La.R.S. 42:1114(A)); one of its general purposes is to protect against conflicts of interest. Such provisions provide adequate notice of the Code's objectives.

CONSTRUCTION OF CODE
Appellant's fourth specification of error is that the Code must be strictly construed, particularly La.R.S. 42:1131(C), the jurisdictional section and that under a strict construction, the Code does not apply to them. There is no merit to this specification of error. The Code of Ethics clearly applies to persons other than public employees as well as public employees, as we have fully discussed above in this opinion.

INJUNCTIVE RELIEF
We further find that the trial court properly denied the request of the Anzelmo brothers for a preliminary injunction.
In cases of this nature, injunctive relief is not available as a remedy unless the petitioner shows that he will suffer irreparable injury if such relief is not granted. La.C.C.P. arts. 3601, 3602.
The purpose of an injunction is to prevent irreparable harm. Irreparable harm is the sine qua non for any form of injunctive relief. Arbour v. Total CATV, Incorporated, 400 So.2d 1155 (La.App. 1st Cir.1981), writ denied 404 So.2d 264 (La. 1981).
Irreparable injury is considered to be a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard. National Pacific Corporation v. American Commonwealth Financial Corporation, 348 So.2d 735 (La.App. 1st Cir.1977).
The jurisprudence requires the applicant for injunctive relief to make a prima facie showing that he will prevail on the merits of the case. Price v. State Department of Public Safety, License Control and Driver Improvement Division, 325 So.2d 759 (La.App. 1st Cir.1976).
On the issue of the trial court's denial of the preliminary injunction, we observe that the granting of such injunctive relief is merely an interlocutory judgment calculated to prevent a party from suffering irreparable injury pending a final determination on the merits of his rights and in such cases to generally maintain and preserve the existing status pending a trial or hearing of the ultimate issues. The question of whether the preliminary injunction should be granted or denied is addressed to the sound discretion of the trial court, or trier of fact. Lamb v. Quality Inspection Services, Inc., 398 So.2d 643 (La.App. 3rd Cir.1981). Its decision will be disturbed on review only in cases where a clear abuse of his discretion has been shown. National Pacific Corporation v. American Commonwealth Financial Corporation.
We find that the Anzelmos have not and will not suffer irreparable injury if the administrative process continues as the *1088 Commission does have jurisdiction over these parties.
From our review of the record, we conclude that the petitioner's evidence was not sufficient to show that the Commission lacked jurisdiction over them or to demonstrate irreparable injury to them, thus we find that the trial court did not abuse its discretion in denying a preliminary injunction.
Accordingly, for the above reasons, we affirm the judgment of the court below, dismissing petitioners' request for injunctive relief, with costs to petitioners-appellants.
AFFIRMED.
NOTES
[1] La.R.S. 42:1131(C) provides that "The Commission shall administer and enforce the provisions of this Chapter and the regulations, rules and orders issued hereunder with respect to public employees."
[2] Connick is distinguishable from the case at bar; La.R.S. 13:4711, which permitted the enjoining of the "maintenance of a nuisance," was declared unconstitutional and void for vagueness because the phrase "... without instituting and proceeding with the legal action necessary to enjoin ..." did not give adequate notice of what action must be taken to avoid the issuance of an injunction or order of abatement. In contrast, the Codal provisions attacked by the Anzelmos clearly state what conduct is prohibited (i.e., nepotism) and what conduct is required (i.e., financial disclosure).