WALTZER, Judge.
The defendant in this action appeals two judgments from the Civil District Court, one from Judge Ganucheau, the other from Judge Giarrusso. One judgment orders the sequestration of funds, which were for the payment of legal fees for the settlement of a federal case known as Sandra Allen v. Harry Lee, allegedly handled in part by the plaintiff while a partner in the law firm with the defendant. The other judgment amended a prior judgment which had denied equitable relief to the plaintiff, thereby allowing the sequestration ordered by Judge Ganucheau.
Neither action by the trial judges was a final judgment. This Court thus ordered the appellant to show cause why the appeal should not be dismissed. Under La.C,C.P. art. 2083, an appeal may be taken from an interlocutory judgment only upon a showing that irreparable harm may result. After a review of the record, and after listening to oral arguments, this Court concludes that the possibility of irreparable harm does not exist for either of the trial court’s actions.[1] For this reason, the appeal is dismissed, and this Court will treat the defendant’s appeal as an application for writs requesting supervisory review.
This Court hereby grants defendant’s writ, and we exercise our supervisory jurisdiction to review the trial court’s sequestration order without bond and the amendment of its previous judgment, thereby allowing the sequestration. However, we deny the relief sought by defendant.
Herbert Bowers, the plaintiff, and Dale Poindexter[2], defendant, were partners in the law firm Poindexter & Bowers. In October of 1989, the plaintiff left the law firm. The firm remained in effect for the purpose of accounting and dissolution. In March of 1990, the plaintiff filed suit against defendant, seeking relief under the partnership agreement. On August 13, 1990, the plaintiff obtained a temporary restraining order, enjoining the defendant from disposing of or alienating any of the partnership’s assets. A hearing for a preliminary injunction was scheduled for August 20, but was not held. Mr. Bowers then obtained an extension of the TRO, and another hearing for a preliminary injunction was set for September 10, 1990.
The main issue at the September 10th hearing, with Judge Giarrusso presiding, was the preliminary injunction. Also raised at this hearing, although not thoroughly discussed, were Bowers’ requests for a contempt order and a court ordered sequestration. On the following day, September 11, 1990, Bowers moved for and was granted a rehearing by Judge Giarrus-so on the issue of the equitable order. The rehearing was scheduled for September 21, 1990. While the record contains this motion, and the order granting a rehearing set for September 21, 1990, there is no transcript or any indication in the record that such a hearing occurred.
On September 21, 1990, Judge Giarrusso signed the following judgment, which granted the defendant’s exception of no cause of action regarding the preliminary injunction, disposed of the TRO, and denied plaintiff’s motion for a contempt order and equitable relief.
*725 This matter came on for hearing this 10th day of September, 1990, on exceptions filed on behalf of defendants ... IT IS ORDERED, ADJUDGED, AND DECREED, that the exception of no cause of action filed by defendants to plaintiffs petition for injunctive relief, is maintained, and the petition for injunc-tive relief is dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the temporary restraining order dated August 13, 1990, extended August 22, 1990 and August 31, 1990 is dissolved.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for contempt order and equitable order is denied.
Immediately after the signing of this judgment, Bowers again moved for a rehearing on the issue of equitable relief. Here, Bowers claimed that a motion for rehearing was granted on September 21, 1990, and that such hearing should take place on October 12, 1990.
A hearing was held on October 12, 1990 in front of Judge Ganucheau. However, no transcript exists in the record of this hearing. After the hearing, Judge Ganucheau signed the following judgment.
“Plaintiffs motion for Equitable Order of Sequestration came for hearing on October 12, 1990. After reviewing mem-oranda and hearing arguments of counsel,
IT IS ORDERED by the Court, under the authority of Civil Code Article 3573, that Dale W. Poindexter, to the extent that he is able, shall deposit in the registry of this court that portion of the settlement fund of the case of Sandra J. Allen v. Harry Lee, et al., United States District Court No. 87-5446-C which represents the attorneys’ fee.”
Three days later, on October 15, 1990, Judge Giarrusso issued, on her own motion, the following order:
IT IS ORDERED that the judgment dated 21 September 1990 be amended to delete the paragraph that says:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the motion for contempt order and equitable order is denied.
Mr. Poindexter now seeks this Court’s review of the October 12, 1990 judgment ordering the sequestration without bond and the October 15,1990 amendment of the judgment dated September 21, 1990. The defendant argues that the sequestration was wrongfully issued in this case due to the plaintiffs lack of ownership interest in the sequestered property, and requests that this Court either dissolve the writ of sequestration, or at least require the plaintiff to post security. The defendant further argues that the trial court was in error when it, on its own motion, amended its previous judgment, thereby allowing equitable relief.
The trial court in this matter ordered a sequestration on its own motion under LSA-C.C.P. article 3573. That article states:
The court on its own motion may order the sequestration of property the ownership of which is in dispute without requiring security when one of the parties does not appear to have a better right to possession than the other.
A trial court thus may order a sequestration upon finding that ownership over the property is in dispute and that neither party appears to have a better right of possession. Williams v. Williams, 541 So.2d 928, 931 (La.App. 5th Cir.1989); Conway v. Stratton, 434 So.2d 1197 (La.App. 1st Cir.1983); Broussard v. Crochet, Broussard & Co., 477 So.2d 166 (La.App. 3rd Cir.1983). A trial court’s exercise of its discretion to order a sequestration on its own motion is given much deference and will not be disturbed absent manifest error. Williams, supra at 931; Conway, supra at 1200; Broussard, supra at 175.
The record does not contain a transcript of the hearing on October 12, 1990 which resulted in the court ordered sequestration. It is therefore impossible for this Court to review whether the sequestration was properly issued. What is before this Court is the fact that the writ of sequestration, for more than two years, has yet to be *726 executed because Mr. Poindexter is not in possession of the funds in question. This Court is therefore asked to dissolve a writ of sequestration which, at this point, has no effect, or further order that if and when the defendant obtains possession of the attorney fees and deposits them into the registry of the court, that Mr. Bowers at that time should post bond. A granting of either of these requests would result in an advisory opinion which would have effect only if certain future events occur. This Court refuses to issue such an opinion. If and when the sequestration order becomes effective, the parties may then apply to this Court for relief if needed.
For the foregoing reasons, the defendant’s request that this Court dissolve the writ of sequestration issued on October 12, 1990 is denied. Also denied is defendant’s request to require the plaintiff to post bond if and when the writ of sequestration becomes effective.
WRIT GRANTED, RELIEF DENIED.

. The writ of sequestration ordered by the trial judge states that defendant Poindexter, “to the extent that he is able, shall deposit in the registry of the court that portion of the settlement” of the Allen v. Harry Lee case which represents attorney fees. Both parties during oral arguments informed this Court that no funds have been seized because Mr. Poindexter is not in possession of such funds. This case thus does not present irreparable harm sufficient to sustain the appeal from the interlocutory judgments.

. There was some dispute as to whether Dale Poindexter, individually, Dale Poindexter, a professional law corporation, or Poindexter & Bowers were the defendant in this action. An exception for vagueness was argued before the trial court, but was never ruled on. Neither party raise this issue on appeal.