WALTER J. ROTHSCHILD, Judge.
| ^Plaintiff, Judy Landry, filed the instant action against the St. James Parish Council for trespass and damages that allegedly occurred when the Parish cleared out a ditch that runs along the boundary line of plaintiffs property. Following a trial, the lower court found that the Parish had acquired a servitude of drainage for the ditch by ten years acquisitive prescription and was therefore entitled to enter plaintiffs property to maintain it. The court dismissed plaintiffs suit for damages on this basis. The court also ordered the Parish to remove from plaintiffs property the debris resulting from the cleaning operation. Plaintiff now appeals from this judgment.
At the outset, we note that plaintiff did not appeal the trial court’s finding of a servitude for the ditch in question. Rather, plaintiff contends on appeal that the Parish failed to prove the necessity for the deepening and widening of the ditch or that the Parish was required to go onto plaintiffs property to access the ditch. Plaintiff also contends that the Parish failed to 13carry out the work in a manner which caused the least amount of damage or inconvenience to plaintiff.
At trial, the Parish presented the testimony of Jody Chenier, the director of operations for St. James Parish. Mr. Chenier stated that the Parish received a *1177 request from a property owner, Elmo LeBouef, to clean the ditch in 2001. Mr. Chenier stated that the ditch had been cleaned by the Parish on at least two prior occasions, once in 1992 and again in 1995.
Shane Landry, the superintendent for the clearing project, stated that he brought a crew to clean out the subject ditch in 2001 and that the crew did not knock down a fence or any large valuable trees. He stated the ditch had been in existence since at least the 1980’s, and he had been involved in cleaning out this ditch twice before. Mr. Landry also stated that it was necessary to traverse plaintiffs property to access the ditch area because there was an existing fence on the other side of the property which prevented access to the ditch.
Joseph Grice testified that he was the heavy equipment operator for the Parish who cleared the ditch in 2001. He stated that the property was cleared of trash and tall grass, as well as 6-8" trees. He stated he did not knock down any large trees.
Elmo Lebouef testified that he was familiar with the property in question because he lived on a tract of land on the property all of his life. He stated that in 2001 he called the Parish to clear the ditch area. He further stated that the ditch that ran along the eastern boundary of plaintiffs property had been there as long as he could remember, or for at least 30 years. Mr. Lebouef also stated he was familiar with the area that was cleared by the Parish in 2001 and that no valuable timber was taken down at |4that time. He stated that the trees were cut down with a chain saw by another neighbor in order to create a right of way several months before the Parish performed its maintenance. Mr. Lebouef also stated that the Parish did not knock down the barbed wire fence when they came to maintain the property.
Both Judy Landry and her son Zach Landry testified that there was never a ditch in this location until the Parish created it in 2001. Ms. Landry stated when the Parish came onto her property in 2001 they knocked down trees and fences in the process. They also stated that the work done by the Parish damaged their drain fields to the house. She admitted that the Parish offered to move the debris from the area after it was cleared from the ditch but that she refused.
In the present case, the testimony in the record indicates that the ditch in question which was on the property line of plaintiffs property was in need of being cleared. The work order and other testimony in evidence indicates that a neighboring property owner requested that the ditch be cleared, and that the evidence shows that the work was done in a reasonable and proper manner. The evidence also shows that the Parish had cleared this ditch by traversing plaintiffs property on previous occasions. Further, plaintiff failed to present any evidence whatsoever to show that the work could have been completed in a manner which would have caused less damage to plaintiffs property. Under the circumstances presented here, we find no error of the trial court in its factual determination that the work performed by the Parish on plaintiffs property was both necessary and reasonable.
| ¡¡Plaintiff also contends on appeal that the trial court erred in failing to award her damages to have the property cleared of debris. In support of this position, plaintiff submitted an estimate she obtained to have this work completed, and this estimate showed the job to be quite extensive and would require several days’ work. However, the record indicates that the Parish offered to have the debris cleared at their cost, but that plaintiff re *1178 fused. The record also contains testimony from an employee of the Parish who stated that it would take approximately one day to move the debris from plaintiffs property and the trial court apparently chose to credit the testimony of this witness over the written estimate provided by plaintiff. We find that this factual determination is supported by evidence in the record, including photographs and testimony of witnesses. Under the circumstances presented here, we find no manifest error of the trial court in its failure to award plaintiff damages for removal of the debris on her property.
Lastly, plaintiff argues that the trial court was without authority to enter the mandatory injunction ordering the Parish to remove the debris from her property. We find merit in this argument.
The writ of injunction, a harsh, drastic, and extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury, and is without an adequate remedy at law. Conway v. Stratton, 434 So.2d 1197, 1198 (La.App. 1 Cir.1983), La. Civ.Proc.Code art. 8601. Irreparable injury has been interpreted to mean a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. Star Enter. v. State Through Dept. of Revenue and Taxation, 95-1980, 95-1981, 95-1982, p. 13 (La.App. 1 Cir. 6/28/96), 676 So.2d 827, 834, writ denied, 96-1983 (La.3/14/97), 689 So.2d 1383.
Lin the present case, plaintiff did not move for an injunction requiring the Parish to clear the debris from her property, and in fact, obtained an injunction to prevent the Parish from performing this act. Further, a showing of irreparable injury sufficient to support the issuance of a mandatory injunction is not present in this case. We conclude therefore that the trial court order directing the St. James Parish Council to clear the debris left on plaintiffs land was erroneous and must be vacated. This decision recognizes that the Parish has a right and a duty to remove the debris created by the maintenance of this drainage ditch. The Parish has offered to do this in the past and it again in oral argument said it would do so.
Accordingly, for the reasons assigned herein, the judgment of the trial court insofar as it orders the St. James Parish Council to clear the debris left on plaintiffs land is hereby vacated. In all other respects, the judgment of the trial court is affirmed. Each party shall bear its own costs of this appeal.

AFFIRMED IN PART; VACATED IN PART.